HAAS v. BALCH et al.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1893.)

No. 246.

1. MASTER AND SERVANT — RISKS OF EMPLOYMENT — INCREASED RISK CAUSED BY MASTER'S NEGLIGENCE.

Plaintiff, an employe of defendant, engaged in loading dump cars with earth, was ordered by his foreman to go under an overhanging bank for that purpose, and thereupon called attention to the bank, asking if it was safe to work there. The foreman replied that it was; that the bank was supported by interlaced roots; and thereafter, going upon the top of the bank, he again said it was safe, and repeated his order. While obeying this order, plaintiff was injured. The bank had been in that condition since the previous day, and the foreman had endeavored to throw it down with a crowbar. *Held*, that there was not sufficient evidence of due care on the part of defendant to warrant the trial court to direct a verdict for him on the ground that the risk of the bank's falling had been assumed by plaintiff.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

There was not sufficient evidence to warrant the trial court to direct a verdict for defendant on the ground of plaintiff's contributory negligence.

In Error to the Circuit Court of the United States for the District of Minnesota.

At Law. Action by Julius Haas against Foster L. Balch and Henry E. Wetherby for personal injuries received by plaintiff while in defendants' service. The court directed a verdict for defendants. Plaintiff brings error. Reversed.

Statement by SHIRAS, District Judge:

In the year 1891 the defendants in error, composing the firm of Balch & Wetherby, were engaged in grading down Fourth street, in the city of Stillwater, Minn., and had in their employ a large number of laborers, of

whom the plaintiff was one, under the immediate supervision and direction of a foreman named Clausen. The plaintiff, while engaged in shoveling dirt into a dump car, was injured by the falling down of the bank of earth at the foot of which he was working; and for the injuries caused him he sued the defendants in error. Upon the conclusion of the evidence introduced by the plaintiff on the trial below the court, upon the motion of the defendants, directed the jury to return a verdict for the defendants, and the question for determination is whether the trial court erred in withdrawing the case from the consideration of the jury.

There was evidence introduced before the jury tending to show that Clausen, the foreman, had the entire control of the work, and the hiring, discharging, and supervision of the men employed therein; that when the accident to plaintiff happened the men were engaged in making a cut some 15 feet or more in depth through a small hill; that part of the men were engaged in undermining and throwing down the bank, and others, including the plaintiff, were shoveling the earth into the dump cars used to remove the same to other parts of the work; that at the place where the accident happened the bank had been undermined, so as to leave the upper portion overhanging; that the foreman had endeavored to pry off the overhanging crust by the use of a crowbar, but had not succeeded in throwing the same; that when the dump cars were run in to be loaded, and the plaintiff went to his assigned position, he thought the bank might fall, and he called the attention of the foreman thereto, and asked him if it was safe to work there; that the foreman assured him there was no danger; that the overhanging portion of the bank was interlaced and supported by roots of bushes or trees, which would hold the same in place; that the foreman then went to the top of the bank, and from that position reiterated his assurances of the safety of the bank, and directed the men to proceed with the loading of the cars; that the men engaged in shoveling, including the plaintiff, continued throwing the earth into the cars, and in a short time the overhanging bank fell down, seriously injuring the plaintiff.

N. M. Thygeson and J. M. Gilman, (Munn, Boyesen & Thygeson, on the brief,) for plaintiff in error.

C. A. Severance, (Keith, Evans, Thompson & Fairchild and Davis, Kellogg & Severance, on the brief,) for defendants in error.

Before SANBORN, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge, (after stating the facts.) The undisputed fact that the bank, without any change in the situation affecting its stability, fell down in so short a time after the men had commenced loading the cars, clearly shows that the foreman was in error in assuming that the men could work beneath the same without risk of injury. The risk actually existing could readily have been avoided by using sufficient force to throw down the overhanging portion of the bank, before requiring the men to fill the dump cars at this place. Whether, in view of all the facts then known to the foreman, he acted prudently or negligently in directing the plaintiff and his coworkers to proceed with the work of loading the cars without first throwing down the overhanging bank, was clearly a question to be determined by the jury, which properly could not be withdrawn from their consideration.

The more doubtful question is whether the evidence was such as to require the trial court to withdraw from the jury the consideration and determination of the question whether the plaintiff had such knowledge of the situation, and of the risks and dangers con-

nected therewith, that in continuing to work he must be held to have assumed the risk of the situation, or to have been guilty of contributory negligence.

In support of the ruling of the trial court three positions are assumed:

(1) That the injury to plaintiff resulted from a risk pertaining to the employment, and which was assumed by the plaintiff when he engaged in the service of the defendants.

(2) That, if the risk was an unusual one, the plaintiff continued in the service of defendants after discovering the danger incurred thereby, and must therefore be held to have assumed the danger incident to the situation.

(3) That the liability to injure from the falling of the overhanging bank was apparent and open, and the plaintiff was therefore guilty of contributory negligence in continuing to work after he had knowledge of the danger incurred thereby.

Relative to the first proposition, it is well settled that a person who engages in an employment of a hazardous nature assumes the risks and dangers incident thereto, but increased risks and dangers, caused by negligence on part of the employer, are not deemed to be incident to the business, within the meaning of the general rule. There is a duty resting upon the master which requires of him to exercise due care on his part, to the end that the risks and hazards to those in his employ shall not be unnecessarily increased. When the master performs his duty in this particular, and exercises all the caution and foresight which ordinary care requires in view of the circumstances, then the risks and hazards pertaining to the business as thus carried on are assumed by the employes. To bring the case at bar within this rule, it is necessary to assume that the defendants exercised due care in the mode in which the work was carried on by them. We do not think the evidence so clearly establishes this proposition that the court below could assume that no other finding was fairly possible under the testimony, and under these circumstances it was for the jury to determine whether the accident, by which the plaintiff was injured, was caused by negligence on part of the defendants, or whether it belonged to the risks incident to the employment.

The second and third propositions are so nearly allied that they may be considered together. The evidence tends to show that in fact the plaintiff was called upon to work in a dangerous place, and where he was liable to be injured at any moment by the falling of the overhanging bank. Are the undisputed facts of the case such that the court below was justified in holding that the plaintiff must be held to have assumed the risks of the situation, or what, under the facts of this case, is a substantially equivalent proposition, to have been guilty of contributory negligence?

The evidence shows that when called upon to shovel the earth at the bottom of the overhanging bank the plaintiff perceived that there might be danger of the bank falling down, and thereupon he testifies that he called Clausen's attention to it, and asked him

whether it was dangerous, and Clausen told him that it was not; and that Clausen then went up to the top of the bank, and called down to plaintiff that it was all right, and that they should go ahead and load the cars, and that he, Clausen, would watch the bank. The evidence also tends to show that the bank had been in its then condition since the previous day; that Clausen had been on the bank endeavoring to pry off the overhanging portion with a crowbar, and that under his directions all the shovelers continued the work of loading the dump cars. Counsel for defendants in error cite a number of cases which declare the general rule to be that, where the servant is of mature age, and of ordinary intelligence, he assumes the risk of a known situation, even though assured by an agent or representative of the master that there is no danger. In all or nearly all these cases, the employe had equal knowledge of the risk to be apprehended with the master or his representative, and hence was not relieved from the duty of exercising his own judgment upon the question whether he would or would not subject himself to the known dangers of the situation. There are other cases which hold the rule to be that when a servant is directed by the master or his representative to place himself in a situation of danger, the law will not charge him with the risks of the situation, or hold him guilty of contributory negligence, unless the danger is so glaring that no prudent man would subject himself thereto even in obedience to the commands of a master. The difference observable in these cases in the weight given to an assurance of safety on part of the master or his representative is mainly due to the different state of facts proven in the several cases upon the point of equal knowledge or means of knowledge between the master and servant of the risk to be incurred in the given instance. The fact that the assurance of safety has been given in one to be weighed in each case. The weight to be given thereto is dependent upon the circumstances of the particular case.

If, in a given instance, the servant, being of mature age and of ordinary intelligence, has equal knowledge with the master of the dangers to be apprehended, and he voluntarily subjects himself thereto, knowing of their existence, the mere fact that he had received an assurance that there was no risk to be dreaded or avoided might be of little avail in relieving him from a charge of contributory negligence. On the other hand, if the master or his representative has superior knowledge or means of knowledge of a given situation and of its safety or the contrary, and he assures the servant that he can safely undertake a given work, such an assurance may justify the servant in undertaking the work in reliance upon the superior knowledge of the master, and without being liable to the charge of negligence in so doing, unless the danger, in the language of the supreme court in District of Columbia v. McElligott, 117 U. S. 621, 633, 6 Sup. Ct. Rep. 884, is "so imminent or manifest as to prevent a reasonably prudent man from risking it."

In the case at bar it does not appear that the foreman and representative of the defendants and the plaintiff had equal knowledge

of the situation when the latter was assured of the safety of the bank.

The plaintiff, when called to engage in shoveling under the over-hanging bank, noticed its appearance, and inquired of the foreman as to its safety. It does not appear that the plaintiff had any other knowledge of this particular overhang than that he gained when thus called to go to work underneath the same. The foreman had pre-viously been upon the bank, endeavoring to throw it down. When appealed to by the plaintiff, he again went upon the top of the bank, evidently for the purpose of examining it, and he then repeated the assurance of safety accompanied with the order to proceed with the loading of the cars. It certainly cannot be said as a matter of law that the plaintiff was not justified in giving some weight to and placing some reliance upon assurances thus given and re-peated. There were other facts to be weighed in connection with the assurances given by the foreman, upon the question of con-tributory negligence on part of plaintiff,—such as the composition of the bank, the character of the overhanging crust, the fact that it had remained in its then condition since the previous day, and that it had resisted the efforts of the foreman to throw it down. Under these circumstances, we think the questions of the assump-tion of the risk and of contributory negligence on part of plaintiff were for the jury, and not for the court, and that it was error to withdraw them from the jury.

The judgment is therefore reversed, and the case is remanded to the circuit court, with instructions to grant a new trial.