PERSCHKE v. HENCKEN et al.

(Supreme Court, Trial Term, New York County. March 2, 1897.)

MASTER AND SERVANT—ASSUMED RISK.

    A servant is not relieved from assumption of the risk of using an appliance known by him to be defective, and the danger from which is as obvious to him as to the master, merely by a statement of the foreman that it is safe.

Action by Conrad Perschke against Hancke Hencken and others to recover for personal injuries. There was a verdict in favor of plaintiff, and defendants move on the minutes for a new trial. Granted.

F. V. Johnson, for the motion.
A. & C. Steckler, opposed.

McADAM, J. The defendants are coal dealers, and the plaintiff was a driver on one of their coal wagons, which was unloaded by a brake and crank. On March 12, 1895, the plaintiff started out with a load of coal for delivery. He had used the wagon for about eight days prior to that time. Before leaving the yard on his first delivery, he observed that the brake was broken, whereupon the foreman said it was safe enough without the brake, as it could be unloaded by the chain. While attempting to unload in this man-

ner on the day in question, one of the plaintiff's fingers was caught in the chain, and was taken off, and for this the jury awarded him $250. The plaintiff having, with knowledge of the want of a brake, operated the chain, he cannot visit the consequences of the absence of the brake on the defendants. Windover v. Railway Co., 4 App. Div. 202, 205, 38 N. Y. Supp. 591. In Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, the plaintiff, while operating a machine with unguarded cogwheels, lost her arm, and, though the master was guilty of a violation of the factory act, it was held that the risk was an obvious one, and that the plaintiff had assumed it; and a judgment in favor of the plaintiff was reversed. See, also, cases collated in Vilas v. Vanderbilt, 44 N. Y. Supp. 267. The verdict must rest, therefore, entirely upon whether what the foreman said warranted the plaintiff in doing as he did at the master's risk. The fact that the foreman said that the wagon could be unloaded by the chain does not charge the master with personal negligence, for the plaintiff had the same opportunity for informing himself of the danger as the master had. Crown v. Orr, 140 N. Y. 455, 35 N. E. 648. "If, in a given instance, the servant, being of mature age, and of ordinary intelligence, has equal knowledge with the master of the dangers to be apprehended, and he voluntarily subjects himself thereto, knowing of their existence, the mere fact that he had received an assurance that there was no risk to be dreaded or avoided might be of little avail in relieving him from a charge of contributory negligence." Haas v. Balch, 6 C. C. A. 204, 56 Fed. 984, 987. Graves v. Brewer, 4 App. Div. 327, 38 N. Y. Supp. 566, was an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant. It appeared that the plaintiff, who had some knowledge of machinery, was working on a machine on which cogwheels, plainly visible, fitted into each other, and was told how to operate the machine, and to stop the machine when he cleaned it, which he did for several weeks, until the machine got out of order to some extent, so that it could not be easily stopped, after which he was told to clean the machine while it was in motion. He did this the first time without any trouble or difficulty, but on a subsequent occasion his hand was drawn in between the cogs, and he was injured. Held, that the plaintiff could not recover. The advice of the foreman here was not as mandatory as that of the superintendent in the case cited, and if what the latter said was not sufficient to create a liability, it is difficult to imagine how what the foreman said here is. As was said in Webber v. Piper, 109 N. Y., at page 499, 17 N. E., at page 217: "The line of division between the duty of the master to furnish and maintain safe and adequate machinery and that of the operative to manage and handle it with prudence and care is difficult to define by any general description, but it is quite obvious when each case, as it arises, comes under consideration."

The verdict must be set aside, and a new trial granted.