G. MARCUS BROUGHAM, as Administrator of the Goods, Chattels and Credits which were of JOHN H. BROUGHAM, Deceased, Claimant, *v.* STATE OF NEW YORK. Claim No. 2591–A.

(State of New York, Court of Claims, July, 1918.)

Negligence — of state proximate cause of death of decedent — damages — canals.

> The duty of the state to furnish a lock tender on one of its canals a reasonably safe place in which to work may not be delegated.
>
> A man seventy-nine years of age, without previous experience as a lock tender, entered the employ of the state in that capacity

State of New York, Court of Claims, July, 1918. [Vol. 104.

at junction lock No. 14 of the Champlain canal at Fort Edward, N. Y., and on the night of the sixth day of his service, while opening the westerly gate and pushing the gate beam over the stairway, across the top of which, for passage, were planks laid loosely side by side, he fell to the bottom of the stairway sustaining injuries which resulted in his death within a month. Upon the hearing of a claim for damages it appeared that the distance from the top of the stairway to the inside of the plank horizontally was six feet and from the plank to the bottom of the stairway vertically was also six feet and except for the planks the stairway top was entirely open. It further appeared that at the time of the accident a lamp post stood near the stairway and planks but the state's employees had omitted to furnish any lamp for it. *Held,* that the negligence of the state was the proximate cause of the death of decedent and the claim is allowed at $500.

That though the lock was designed for the installation of a power system of operation the state should have required the stairway to be closed so long as manual operation of the gates was continued, or should have provided a proper and protected passageway across it.

CLAIM for damages for negligence for the death of John H. Brougham, a lock tender at junction lock No. 14 of the Champlain canal at Fort Edward, N. Y.

Edgar Hull (Benjamin P. Wheat, of counsel), for claimant.

Henry P. Nevins, deputy attorney-general, for state of New York.

CUNNINGHAM, J. John H. Brougham, the decedent, was a lock tender at junction lock No 14, of the Champlain canal, at Fort Edward, N. Y. His duty was to operate the gates, when necessary, for the passage of boats. His hours of employment were from three o'clock p. m., to eleven o'clock p. m., each day. He entered the state's employ May 1, 1915, having had

Misc.]    State of New York, Court of Claims, July, 1918.

no prior experience as lock tender. He was seventy-nine years old, and all his children were of full age. He contributed no valuable aid to any of them, except that one unmarried daughter lived at home with him, and another unmarried daughter also made her home with him, although temporarily absent at the time of his death. Both daughters did the household work, and cared for the decedent's welfare and comfort. Prior to his employment by the state, Brougham was a nursery agent, and, when employed, contributed about fifty dollars a month to the household. As lock tender, he received forty-five dollars per month during the navigation season. He had no other income except from a garden an acre and a half in area, which he cared for. His health was excellent.

The lock had lower and upper sets of gates. The lock walls were of concrete, and just outside of the westerly side of the lower end of the lock was a concrete stairway from the upper structure to the side of the canal below the lower gates. The stairway, at the time with which we are concerned, was not necessary for the operation of the lock. The lock was designed for the installation of a power system of operation. The only method in use at that time for operating the gates was for the lock tender to push the beam gate end, extending out over the wall, in toward the wall, and conversely to close them — all by hand. To open the lower westerly gate, the lock tender was obliged to push the long beam end of this gate easterly to a point over the westerly lock wall, and, in doing it, to walk across and over the open top of the stairway. The only means afforded for passing across the top of said stairway were three nine-inch planks, laid loosely side by side over the stairway top. There was no railing or protection on either side. The distance from the top of the stairway to the inside

edge of the plank, horizontally, was six feet, and from the plank to the bottom of the stairway, vertically, was also six feet. Except for the planks, the stairway top was entirely open.

A lamp post stood near the stairway and planks, but at this time, the state's employees had omitted to furnish any lamp for it. On the night of May 6, 1915, while the decedent was opening the westerly gate, and in that operation was pushing the gate beam over the stairway toward the westerly lock wall, and in so doing was crossing the planks over the stairway — he fell from the planks to the bottom of the stairway with great violence, which resulted in his death on June 4, 1915.

The state contends, in defense, that it has not been negligent, that the decedent's death was not the proximate result of any negligence of the state, that the decedent was guilty of contributory negligence, and that he assumed the risk of the conditions which prevailed, and of the injuries which came to him.

It was the duty of the state, as master, to furnish to the decedent a reasonably safe place in which to work. This is one of the duties which the employer cannot delegate. The common law, so grudging in its protection to employees, and so conservative in its imposition of duties upon employers, so decrees. It is idle to urge that the state which maintained this needlessly open and unguarded stairway, and these unrailed loose planks over which the lock tender was obliged to pass, pushing ahead of him the beam end of a ponderous gate, used reasonable diligence and care to provide a safe place for him to work. On the contrary, it was essentially dangerous, particularly for an employee seventy-nine years of age. The state should have required the stairway to be closed, so long as manual operation of the gates was continued,

Misc.]     State of New York, Court of Claims, July, 1918.

or it should have provided a proper and protected passageway across it. It was not safe at any time, but the state omitted the reasonable duty to provide a proper light at night for it. The tragic result reasonably was to have been apprehended. The state was negligent, and its negligence was the proximate cause of Brougham's death.

The decedent was free from contributory negligence. The burden is upon the state to establish that he was guilty of carelessness. Code Civ. Pro., § 841b. It has not made any proof whatever that the decedent had any power, authority, duty or opportunity to remedy the unsafe conditions existing. No one witnessed Brougham's fall. The circumstances do not show affirmatively that it was due to any carelessness on his part. His fall well might have been expected to occur in such a place and circumstances while in the exercise of all reasonable care. His mere fall, under the conditions described, is not enough to raise the inference that any carelessness on his part contributed to it.

It is urged that the decedent assumed the risks of the danger involved in the defective and negligent conditions here described. This claim is not brought under the Employer's Liability Act, but at common law. Consequently, the statute, which has altered the principles applicable to "assumption of risk" by an employee, has no application to this claim. *Kearney* v. *Hanlien,* 149 App. Div. 524. It may be said generally, that at common law a servant assumes all the risks incident to his employment, after the master has discharged his duty of reasonable care to prevent them, and such other risks as are open and obvious to the servant. *Eastland* v. *Clarke,* 165 N. Y. 420, and cases cited. The inquiry here is whether the risks were of that obvious, open and apparent character

which he must be held to have assumed by entering upon and continuing in the employment. It is not enough that Brougham knew of the existence of defects in the place of his work to charge him with an assumption of the risks involved, but the risks themselves must have been obvious under all the circumstances. *Windover* v. *Troy City R. Co.*, 4 App. Div. 202. Although the decedent lived in the vicinity of the lock, it does not appear that, prior to May 1, 1915, he ever observed or had knowledge of the planks and open stairway, or of the conditions of the gate operation. Before that time, he was not concerned with these conditions, and we cannot assume that he had any knowledge whatever of them, in the absence of proof to that effect. He had been in the state's employ five days prior to the day of his injury. It does not appear affirmatively that during the hours of his employment in that period he had operated this gate, particularly at night, or that he knew that the planks were loosely laid, and, therefore, readily movable, or the amount of effort necessary to move the gate, or that he was familiar personally with the risks attendant on the conditions which obtained. We cannot assume these facts. It does not appear, therefore, that the risks involved in the defective place were obvious or apparent, under the circumstances, and therefore, that they were assumed by the decedent. The brevity of the decedent's employment and experience is a potent factor in leading us to this conclusion. *Boyle* v. *Degnon-McLean Construction Co.*, 47 App. Div. 311.

It is clear that the conditions which prevail here must limit the award to a moderate sum. Brougham's age, meagre earning capacity and family circumstances must modify the recovery. The award will be $500.

At the trial, the state moved for the dismissal of the claim. Decision was reserved. The motions are denied, with an exception to the state to this ruling.

ACKERSON, P. J., concurs.

Ordered accordingly.