## MARY C. CARTWRIGHT v. THE CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Railway injury—Passenger alighting.*

1. Where a railroad train pulls up at a platform so that nothing but the forward end of the smoking car is at the platform, passengers in the rear cars, especially ladies, are not bound to go through the smoker to alight; and if, in consequence of the position of the train, they are injured in getting off from the car in which they have been riding, it is the fault of the company.

2. It is not negligence in a railway passenger to leave a car at its rear end in the absence of any rule or general custom making the forward end the only proper place.

Error to Genesee. (Newton, J.) Jan. 23.—Feb. 8.

CASE. Defendant brings error. Affirmed.

*E. W. Meddaugh* and *M. V. Montgomery* for appellant. Railway companies must afford passengers a safe place of exit from cars, and, this being done, the passenger must avail himself of it and not seek another : *Forsyth v. Boston & Albany R. R.* 103 Mass. 510; *Penn. R. R. Co. v. Zebe* 37 Penn. St. 420 ; *M. C. R. R. Co. v. Coleman* 28 Mich. 440.

*H. R. Lovell* and *C. D. Long* for appellee.

COOLEY C. J. This is an action for personal injury, and the plaintiff recovered in the circuit court. The only questions that need to be considered are, *first*, whether there was any evidence of negligence on the part of the defendant to be submitted to the jury ; and *second*, whether the evidence conclusively showed contributory negligence on the part of the plaintiff.

The injury occurred December 28, 1881. The plaintiff was a woman sixty years of age, and resided with her husband, who was still older and rheumatic, at Davison, a country station about nine miles west of Flint. On the day named she went to Flint with her husband, and returned on the evening train which arrived at Davison about nine o'clock. The train was composed of six cars, made up as follows: Mail car, express car, baggage car, smoker, way car and sleeper. Plaintiff and her husband entered the way car, which they found full, and took the rear seat behind the door. It was a dark, cloudy and wet evening. When the train stopped at Davison the evidence tends to show that the smoker stood partially along-side the station platform, but the way car was not up to it. No light was displayed at the rear end of the way car, nor, as we conclude from the record, at the front end, but there was a light on the platform which would possibly aid in alighting there. A drunken man in one of the cars further forward appears

to have had the attention of the men on the train when the train stopped, and aid was not given to the passengers in leaving the way car. The most of them went forward and alighted safely, but plaintiff and her husband got out at the rear end of the car. There is a road crossing at that place, and plaintiff was familiar with the locality. She had seen the cars stop there before, and passengers step down into the road, and she thought the car then stood where if she stepped down she would step into the level part of the road. She therefore stepped down in the dark. She had several packages on her left arm, but her right hand was at liberty, and with that she took hold of the iron rod by the side of the steps. Instead of being over the level road as she supposed, the end of the car was over a depression at the side of the road, and when her foot left the step she went down so far that her hold of the iron was broken and she fell to the ground. Her foot slipped on the wet ground and turned under, and her leg was broken. She lay helpless until assistance could be procured. It was not until after the train had left that she was taken up and carried into the station, and medical assistance obtained. During all the time of the stop no one connected with the train or employed by the defendant was giving assistance to the plaintiff or her husband, or looking after passengers at the rear end of the car they had occupied.

It is contended on the part of the defense that the plaintiff was negligent in leaving the car where she did; that the only proper place for leaving was where there was light, and where assistance was provided, and that if needful, she should have passed through the car in front of the way car from which, if not from the way car, she might have alighted upon the platform. It is further said that it is not expected passengers will leave the car at the rear end; their duty is to pass to the front end and leave the other to passengers taking the car, who otherwise will be incommoded in getting aboard. And it is insisted the railroad company is under no obligation to station assistants at each end of every car to help passengers on and off; the burden would be an

unreasonable one and passengers have no right to demand
or expect it.

It would, no doubt, be better that travelers should always
leave a car by the front end, and it might be competent
for a railroad company to make and enforce a rule requir-
ing it.    But it is not shown that this defendant has any
such rule, and it is certain that there is no general custom
now observed by the public to that effect.    Passengers not
only do leave the cars at the rear and front indifferently,
but they are suffered to do so without objection, and prob-
ably a very large portion of them all are not aware that it
is desired they should do otherwise.    Under such circum-
stances it cannot be said that it is negligence per se for a
passenger to leave the car at the rear.    If there was negli-
gence in this case it must arise from the fact of the dark-
ness, the known fact that the rear of the car was not at the
landing, and the uncertainty in respect to the ground where
it stood.

If the front end of the car had been at the platform,
there would have been more reason for insisting that the
plaintiff should have gone in that direction.    But we think
a woman is excusable for not desiring to pass through the
smoking car, and she has a right to assume it is not expected
of her.    We also think that passengers, where not notified
to the contrary, may rightfully assume that it is safe to
alight from the car wherever it is stopped for passengers
to leave it.    And if no light is given them to leave the car
by, they are not to be charged with fault for leaving in the
darkness.

A review of the record satisfies us that the agents and
servants of the defendant were not as careful and vigilant
as they should have been in providing for the safety of the
passengers in leaving the train.    If a car in which there
were passengers was not standing where it would be safe
for them to alight without assistance, it was the duty of the
company to provide assistance or give warning, or to move
the car to a more suitable place.    This was decided in
*Cockle v. London & S. E. Ry. Co.* L. R. 7 C. P. 321, a case

on its facts very similar to this, and the same principle has often been laid down in other cases. *Nicholson v. Lancashire &c. R. Co.* 3 H. & C. 534; *Foy v. London &c. R. Co.* 18 C. B. (N. S.) 225; *Brassell v. N. Y. Cent. &c. R. R. Co.* 84 N. Y. 241; s. c. 3 Am. & Eng. R. R. Cas. 380; *Penn. R. R. Co. v. White* 88 Penn. St. 327; and *Balt. & O. R. R. Co. v. State* 60 Md. 449 : 12 Am. & Eng. R. R. Cas. 149, are among those so holding. There was therefore evidence to go to the jury on the question of negligence in the defendant. And the peculiarity of the case is such that the same facts which tend to show negligence in the railroad company tend in the same degree to show that the plaintiff was without fault. If she had a right to assume that the landing place was safe, she was not negligent in stepping down as she did. It must be conceded that she did not exhibit a very high degree of caution, but we cannot say that it was not as much as the average passenger would have shown under like circumstances. It was very proper, we think, for the circuit judge to submit the whole case to the jury.

The judgment must be affirmed.

The other Justices concurred.