ARTHUR M. EASTLAND, Appellant, v. MARY H. CLARKE, Respondent.

1. NEGLIGENCE — WHEN CONTRIBUTORY NEGLIGENCE A QUESTION FOR JURY. One, not in the regular employment of the master, who has been referred by him to his butler for instructions, and who has been directed by the latter to place wood in a cellar in which he had been but once before, which contained a depressed opening, of the existence of which he was ignorant, of which he was not warned and into which he fell, is not guilty of contributory negligence as a matter of law, but it is a question for the jury whether he acted with ordinary care under the circumstances where the cellar was so dark that he could not readily have seen the opening if he could have seen it at all, and an armful of wood which he carried obstructed his view of his footsteps.

2. MASTER AND SERVANT — RISK OF EMPLOYMENT. In the absence of knowledge on the part of such servant that the place to which he was

directed was dangerous, he has the right to believe it to be reasonably safe and he does not assume the risk of falling into an unprotected opening therein.

3. DUTY OF MASTER TO WARN SERVANT OF DANGER. The master cannot escape liability upon the ground that if the accident were the result of any negligence it was that of the butler in leaving the well uncovered, and, therefore, that of a co-servant for which he was not responsible, since the butler was the *alter ego* of the master whose duty it was to have notified the servant of the existence of the opening.

4. SAFETY OF WORKING PLACE. Where the evidence is conflicting, the question, whether the cellar was a safe place to work in, is for the jury.

*Eastland* v. *Clarke*, 28 App. Div. 621, reversed.

(Argued December 7, 1900; decided January 22, 1901.)

APPEAL from a judgment entered April 15, 1898, in favor of defendant, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, overruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division, and denying a motion for a new trial after a nonsuit granted by the trial court.

The defendant is the owner of premises in the city of Rochester which she and her family occupy as a residence. Prior to November 29th, 1895, one of defendant's trees had blown down, and she instructed the plaintiff, who had done some gardening and general work for her, to cut the fallen tree into grate wood and to put it in the cellar as directed by her butler. Plaintiff cut the tree into grate wood and took a wheelbarrow load of it to the cellar door. There he called for defendant's butler and asked him where to put the wood. Plaintiff was directed to place it against the north wall of the "dark cellar." He took an armful of wood and started for the place indicated by the butler. When he had reached the north wall, and was about to put down the wood he stepped into a depressed opening in the cellar floor and was injured. Defendant's cellar is divided into a number of rooms separated by open archways. The furnace which heats the house is placed so that a portion of it projects into the "dark cellar" referred to. Just east of this furnace and within fifteen inches from said north wall is a "well," sixteen by eighteen inches in diameter

and twelve inches deep, which was used as a drain when the water was to be drawn from the heating apparatus. The defendant and her butler testified that the former had provided a cover for this "well," and this was uncontradicted. Defendant's butler testified that he last drew the water from the heating apparatus on the 16th day of August, before the accident, and he could not say positively that he had replaced the cover. Defendant testified that she had never seen the cover off from this "well" and that she was in the habit of going into the cellar once a week when at home. Plaintiff was not a regular servant of the defendant, but had done gardening and laboring work for her by the hour, at odd times, from about the 18th of October preceding the date of the accident. He testified that he had been in the "dark cellar" but once before, when he carried in some screens under the direction of the butler, and that he had never seen this hole before. There was conflicting evidence as to the condition of this cellar. Plaintiff says it was so dark that it was impossible to see anything plainly when he first went in, although he could distinguish objects and see better after he had been there a while. The evidence of the defendant and her witnesses tended to show that this cellar, while not as light as some of the others, was very light, and that the civil engineer, who prepared the map in the case, made the measurements for the same without the aid of artificial light. Plaintiff's statement as to the manner in which the accident happened is as follows: "When I got into this cellar with the wood upon my arm I went right over onto the north side of the cellar towards the furnace and coal bin. I went over just the direction (indicated by red line) on that map. I took a northeasterly direction. After I got in there, and got, as I thought, near enough to the side of the wall to lay the wood down I took one more step with my right foot and I stepped right into a hole. I stepped my right foot into the hole and fell over kind of sideways, and I went over onto my side and hip with the armful of wood that laid right on my arm." Again he says: "I walked along carefully, and

when I got to the side of the cellar I reached out and felt the cellar wall next to the furnace; then I took just one step and fell into the hole." There is no dispute that the hole referred to by the plaintiff is the "well" above described. On cross-examination the plaintiff said: "I carried the wood on my right arm going in. I put my left hand out against the wall, and then stepped forward again with my right foot, with the wood on my right arm, and fell down. * * * I stopped long enough to look in front of me to see what I was going to step onto just after I had gone by those big pipes. It might have been a half a minute I stopped there. It was before I put my hand on the wall. I looked towards that side to see if I could see anything and see where to put the wood. I had the wood on my arm. I could see over the wood. I could not see where I was putting my foot. That was the only place I could pile the wood unless I put it in the center of the cellar. I couldn't tell what was on the south side of the cellar. I could see forms of something there." Upon this evidence the trial court directed a nonsuit at the close of the case, and upon the exceptions taken the Appellate Division, by a divided court, affirmed the ruling of the trial court.

*Henry M. Hill* for appellant. A nonsuit having been granted, the plaintiff is entitled to the benefit of all the facts and inferences most favorable to him. (*Sheridan* v. *B. C. & N. R. R. Co.*, 36 N. Y. 39; *Rehberg* v. *Mayor, etc.*, 91 N. Y. 141; *Sunderlin* v. *Hollister*, 4 App. Div. 478; *Dise* v. *M. S. Ry. Co.*, 22 Misc. Rep. 97; *Colt* v. *S. A. R. R. Co.*, 49 N. Y. 671; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9.) The question of the credibility of the defendant and her butler was for the jury. (*Volkmar* v. *M. Ry. Co.*, 134 N. Y. 418; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Connolly* v. *C. V. R. R. Co.*, 4 App. Div. 221; *O'Flaherty* v. *N. El. R. R. Co.*, 34 App. Div. 75.) The defendant was guilty of negligence. (*Homer* v. *Everett*, 91 N. Y. 641; *Dunn* v. *Connell*, 21 Misc. Rep. 295; *Ryan* v.

*Fowler*, 24 N. Y. 410; Wood on Mast. & Serv. 850; *McTaggart* v. *Eastman's Co.*, 28 Misc. Rep. 127; *Fuller* v. *Jewett*, 80 N. Y. 46; *Crispin* v. *Babbitt*, 81 N. Y. 516; *Slater* v. *Jewett*, 85 N. Y. 61; *Crowell* v. *Thomas*, 90 Hun, 193; *Corcoran* v. *Holbrook*, 59 N. Y. 520; *O'Connor* v. *Barker Co.*, 25 App. Div. 121.) The plaintiff was not guilty of contributory negligence. (S. & R. on Neg. § 86; *Bean* v. *O. S. N. Co.*, 24 Fed. Rep. 124; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451; *Brown* v. *Wittner*, 43 App. Div. 135; *Kenney* v. *Rhinelander*, 28 App. Div. 246; *Sunderlin* v. *Hollister*, 4 App. Div. 478; *Severy* v. *Nickerson*, 120 Mass. 306; *Perry* v. *Rogers*, 91 Hun, 243; *R. R. Co.* v. *Yost*, 17 Wall. 553.) The question of defendant's negligence and plaintiff's contributory negligence should have been submitted to the jury. (*Nugent* v. *Breuchard*, 91 Hun, 12; 157 N. Y. 687; *Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 572; *Tully* v. *N. Y. & T. S. S. Co.*, 10 App. Div. 463; 162 N. Y. 614; *Dunn* v. *Connell*, 21 Misc. Rep. 295; *Hogarth* v. *P. Mfg. Co.*, 167 Mass. 225.)

*William A. Sutherland* for respondent. It would have been error for the court to have sent the case to the jury upon the credibility of the defendant and her butler. (Wood on Mast. & Serv. §§ 345, 346.) The place where the plaintiff was sent to work was a safe place, and the defendant had provided it with all the appliances needful not only to make it safe, but to keep it so. (*Filbert* v. *D. & H. C. Co.*, 121 N. Y. 207; *Howell* v. *Henderson*, 22 App. Div. 557.) If there was any fault outside the negligence of the plaintiff it was not the fault of the defendant, but of a co-servant of the plaintiff. (*Geoghegan* v. *A. S. Co.*, 146 N. Y. 369; *Andersen* v. *N. Y. & C. M. S. Co.*, 13 App. Div. 218; *Perry* v. *Rogers*, 157 N. Y. 251.) Contributory negligence by the plaintiff was affirmatively established. (*Phalan* v. *D., etc., R. R. Co.*, 81 N. W. Rep. 103; *Strutt* v. *B. & R. B. R. R. Co.*, 18 App. Div. 134; *Ehalt* v. *Marshall*, 14 N. Y. S. R.

552; *Crown* v. *Orr*, 140 N. Y. 452; *Cahill* v. *Hilton*, 106 N. Y. 522; *Matter of Nikolaill*, 102 Fed. Rep. 174.) .

WERNER, J. The plaintiff, having been nonsuited, is entitled to the benefit of all facts and inferences which may be drawn from the evidence most favorable to his contention. (*Sheridan* v. *Brooklyn City & Newtown R. R. Co.*, 36 N. Y. 39; *Rehberg* v. *Mayor*, etc., 91 N. Y. 141.) In this aspect of the case we have presented to us the questions whether defendant was guilty of actionable negligence, and whether plaintiff was free from contributory negligence. The plaintiff assumed the burden of establishing affirmatively and concurrently both of these independent propositions.

We will first address ourselves to the inquiry whether the plaintiff was guilty of contributory negligence as a matter of law. As shown in the preceding statement of facts the plaintiff was not a regular employee of the defendant. He had been in the "dark cellar" but once and did not know of the existence of the place into which he fell. Defendant had directed him to go to her butler for instructions where to place the wood. These instructions were given without any warning of the existence of the hole or "well" which caused the accident. The plaintiff upon entering this "dark cellar" was at first unable to see at all, but after remaining there a few moments was able to distinguish objects placed against the east and south walls. He then proceeded to the north wall and, having reached the point designated by the butler, he stepped into the unprotected hole or "well." In discussing the question of plaintiff's alleged contributory negligence, we must assume that his testimony was true and that this cellar was so dark that he could not readily have seen the hole, if indeed he could have seen it at all and that the armful of wood which he carried obstructed his view of his footsteps. Did these facts authorize the trial court to hold, as a matter of law, that plaintiff was guilty of contributory negligence? We think not. Ordinarily the question of contributory negligence is one of fact. (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 453.)

54

"If there is any conflict in the evidence tending to establish any of the circumstances upon which the question depends, it must be left to the jury. If there are inferences to be drawn from the proof which are not certain and incontrovertible, they are for the jury. If it is necessary to determine, as in most cases it is, what a man of ordinary care and prudence would be likely to do under the circumstances proven, this, involving as it generally must, more or less of conjecture, can only be settled by a jury." (*Bernhard* v. *Renss. & Sar. R. R. Co.*, 1 Abb. Ct. App. Dec. 131.) The plaintiff went where he was directed to go at the instance of the defendant. He had the right to indulge in the presumption that the defendant had not been negligent in respect to any duty which she owed him. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383.) Under the circumstances, the testimony showing how the accident happened, although uncontradicted, might have given rise to conflicting inferences and deductions upon the question whether the plaintiff had acted with ordinary care and prudence relative to the conditions which existed. If we are right in our premises, the conclusion follows that it was error to hold that plaintiff was guilty of contributory negligence as a matter of law. This case, so far as it is controlled by this question, is clearly distinguishable from the cases cited for the respondent. *Strutt* v. *Brooklyn & R. B. R. R. Co.* (18 App. Div. 135) was a case where the plaintiff, in walking upon a wharf in broad daylight, fell over a hose that lay in plain sight of any one who chose to look in that direction. There was no crowd nor anything else to divert the attention of those passing by. The court held that, if the defendant were chargeable with negligence in leaving the hose where it was, the plaintiff was manifestly guilty of contributory negligence in failing to see so palpable an obstruction. In *Ehalt* v. *Marshall* (14 N. Y. S. R. 552) the plaintiff was engaged in working at a scutching machine for dressing hemp. His fingers became entangled in the strands of hemp, were drawn into the machine, and he was injured. The accident occurred at a time when it was growing dark and when it was custom-

ary to turn on the electric lights, but on this occasion the lights were turned off. The court held plaintiff guilty of contributory negligence because he was as familiar with the danger of attempting to operate the machine in the uncertain light as the defendant was. In the *Nikolai Case* (102 Fed. Rep. 175) the libellant, a stevedore employed with a gang in loading a vessel, while attempting at night to walk a beam that led to a wing between decks where his hammock was swung, fell to the hold below, and was injured. Upon the question of libellant's contributory negligence it was held that when he found it so dark that he could not see, it was his duty to return for a lamp. These cases are differentiated from the one before us either by the servant's knowledge of the dangerous condition, or by the absence of specific instructions to him to perform some duty under circumstances which gave him the right to assume that the master had first performed his duty and, therefore, have no application here.

We will now consider the question whether there was evidence upon which the defendant might have been found guilty of negligence. This inquiry involves the preliminary disposition of two incidental questions. The first of these is whether the plaintiff assumed the risks of his employment. The other is whether the negligence, if any, of the defendant's butler, was the negligence of plaintiff's co-employee. It is now the settled law of this state that the risks which a servant assumes are either such as are incident to his employment, after the master has discharged his duty of reasonable care to prevent them, or such as are quite as open and obvious to the servant as the master. (*Benzing* v. *Steinway and Sons,* 101 N. Y. 552; *Davidson* v. *Cornell,* 132 N. Y. 228; *Booth* v. *B. & A. R. R. Co.,* 73 N. Y. 40; *Pantzar* v. *Tilly Foster I. M. Co.,* 99 N. Y. 368.) A servant does not assume risks which are not obvious, and are not known to him, but are or should be within the knowledge of the master. (*Ryan* v. *Fowler,* 24 N. Y. 414.) This case presents a fair illustration of the general rule thus stated. Plaintiff was employed to cut a fallen tree into fire wood. The risks incident to this particular work

are so obvious, and usually so far beyond the control of any
one but the person engaged in it, that no one would think of
seeking to charge the employer with responsibility for the
glancing of an axe or the flying of a splinter. These are the
inevitable dangers of the work. But the plaintiff was also
directed to pile the wood in a certain place in the cellar. In
the absence of knowledge on his part that the place to which
he had been directed was dangerous, he had the right to
believe that it was reasonably safe and, therefore, did not
assume the hazard of the situation. (*Hogarth* v. *Pocasset
Mfg. Co.*, 167 Mass. 225.)

Were the plaintiff and the defendant's butler co-employees
within the rule which absolves a master from liability for the
negligence of one employee which results in injury to another?
The evidence indicates that if the butler left the cover off from
"the well," it was in August. The plaintiff did not enter the
service of the defendant until October. The relation of fel-
low-servants between the plaintiff and the butler could not,
therefore, have existed until both were engaged by the com-
mon master in the common service. Let us suppose that on
the first day of plaintiff's employment by the defendant he
had been directed by her to place the wood against the north
wall of the "dark cellar." Can there be any doubt that it
would have been the duty of the defendant to have notified
the plaintiff of the existence of the "well?" The situation is
no different because the direction was given by the butler
after the plaintiff has been employed by the defendant on
twenty or more separate occasions. In giving these direc-
tions the butler was the *alter ego* of his master. The plain-
tiff's previous employment by the defendant had been irregu-
lar and intermittent and of a character which did not make
the former familiar with the conditions of the cellar. The
plaintiff had been there but once before under circumstances
which gave him neither opportunity nor reason to know the
existence of this "well." It is precisely as though the
defendant in person, on the first day of plaintiff's employ-
ment, had given him the same instructions that he received

from the butler. If we take the view that there was evidence which would have warranted the conclusion that the butler was negligent in August, and that his negligence continued until October when, it is said, the relation of co-servants was established between him and the plaintiff, it is equally true that there was other evidence which would have justified the finding that the defendant, acting through her *alter ego*, the butler, was also guilty of concurring negligence in failing to advise the plaintiff of the dangers of the place to which he had been sent. A master who delegates to a servant the performance of duties which the master owes to his servant, does not thereby escape responsibility for the way in which those duties are performed. (*Corcoran* v. *Holbrook*, 59 N. Y. 517 ; *Benzing* v. *Steinway et al., supra.*) In this view of the case, evidence of the butler's negligence, even if he were a fellow-servant of the plaintiff, would not relieve the defendant from the consequences of any negligence which might have been proved against her.

This brings us to the ultimate question of defendant's alleged negligence, our views upon which have already been foreshadowed in the discussion of the incidental questions above referred to. It was the duty of the defendant to furnish the plaintiff with a reasonably safe place in which to work. Whether this cellar was such a place was the subject of conflicting evidence. The plaintiff testified that it was very dark, and the defendant's evidence tended to establish that it was an unusually light cellar in which the plaintiff, if he had exercised reasonable care and prudence, could easily have seen the hole into which he fell. We think a question of fact was presented. The following cases are analogous and illustrate the rules which we think apply to this case. (*Homer* v. *Everett*, 91 N. Y. 641 ; *Kranz* v. *L. I. R. R. Co.*, 123 N. Y. 1 ; *Tully* v. *N. Y. & T. S. S. Co.*, 10 App. Div. 463 ; affirmed, 162 N. Y. 614.) In the first of these cases, plaintiff, a machinist, was employed by defendants to repair a steam engine on their premises. The engine was in a sub-cellar, and in the floor alongside the foundation of the engine was a

well hole or excavation, about two feet square, filled with hot water, of which danger the plaintiff testified he had no notice. He stepped into the hole and was scalded. This court held that the question of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury. In the second case an employee of the defendant was ordered to clean out certain underground water pipes. A trench had been made by laborers, also employed by defendant. While the plaintiff's intestate was at work the earth surrounding the trench caved in and he was suffocated. At the close of the evidence the plaintiff was nonsuited. This court reversed the ruling and held that the question of the defendant's negligence should have been submitted to the jury. In the third case cited, the plaintiff, an inexperienced man, who was assisting in loading a vessel, fell through an unguarded and unlighted hatchway, located where he had been directed to go. It appeared that the defendant had provided lanterns for lighting and materials to cover the hole which were available for use. This court held that defendant's negligence and plaintiff's contributory negligence were questions for the jury. Defendant and her butler testified that this "well" had been provided with a cover. This evidence, although uncontradicted, was given by persons who were interested. Their credibility was, therefore, involved, and this was a question for the jury. (*Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *Gildersleeve* v. *Landon*, 73 N. Y. 609.)

The judgment of the court below should be reversed and a new trial granted, with costs to abide the event.

BARTLETT, MARTIN, VANN and CULLEN, JJ., concur; PARKER, Ch. J., not voting; GRAY, J., dissents.

Judgment reversed, etc.