Mary J. McGovern v. Inter Urban Railway Company, Appellant.

Interurban railways: NEGLIGENCE. While it is not the duty of an interurban company to provide a passenger platform at each highway crossing where passengers may desire to alight, yet it is held to an exercise of reasonable care in enabling passengers to alight with as little danger as possible; and if the car is stopped at a point more hazardous than that at which it might conveniently have been stopped, and a passenger is injured in alighting, a question of negligence is presented for the determination of the jury.

Same: CONTRIBUTORY NEGLIGENCE. When a passenger signals an interurban car to stop at a highway crossing, he may assume that the car will be stopped in a portion of the highway where he is invited to alight unless warned of danger; and he is not conclusively negligent in accepting the invitation to alight although the place is in fact unsafe.

Same: ASSUMPTION OF RISK. A passenger on an interurban car does not assume the risk of alighting at a place more dangerous than that at which the car is usually stopped.

Same. An interurban company owes a public duty to its passengers to furnish a safe place to alight from its cars, and is not relieved of the duty by the knowledge of a passenger that such duty has not previously been discharged.

Negligence: INSTRUCTION. Where the court instructs the jury to consider the grounds of negligence alleged in the petition, as categorically set out in the instruction, the charge is not open to the objection that they are to consider a ground of negligence not specified by the court.

Same. Where an interurban company engages to carry a passenger to a designated highway, at which place it has not provided a platform for alighting but has planked the approach to the track for that purpose, and it is usual to stop cars at that point for passengers to alight but which was not done in the instant case, an instruction that if defendant stopped the car and

notified plaintiff to alight at an unusual place which was not reasonably safe, they might find defendant negligent, was proper.

**Same.** In general it is not a duty of an interurban company's employés to assist passengers in alighting but under the facts of the instant case, as detailed by the court, it is held that the question was properly submitted to the jury.

**Same:** CONTRIBUTORY NEGLIGENCE. A passenger on an interurban car is not negligent as a matter of law in failing to ascertain for himself that the place for alighting at which the car is stopped, is dangerous.

**Personal injury of wife:** MEASURE OF RECOVERY. A married woman may recover in her own right for physical pain and suffering caused by the négligence of another, but not for the loss of earning capacity; and where there is no evidence of the loss of earning capacity, refusal to instruct that she cannot recover on that ground is not erroneous.

**Instruction as to amount of recovery.** While as a general rule it is safer for the court, in advising the jury of the maximum sum which a plaintiff in a personal injury action may recover, to explain that the maximum is stated because that is the limit of recovery under the petition, yet in view of the allowance in the instant case failure so to do was without prejudice.

**Expert evidence:** CONCLUSION. Where the testimony of a medical witness is to the effect that a plaintiff's injuries are due to some external violence such as that admittedly sustained, there is no usurpation of the functions of the jury in stating the cause of the injury.

*Appeal from Polk District Court.*— Hon. HUGH BRENNAN, Judge.

TUESDAY, APRIL 9, 1907.

REHEARING DENIED, THURSDAY, OCTOBER 24, 1907.

ACTION to recover damages for personal injuries alleged to have been received by plaintiff, as a passenger, in dismounting from one of defendant's electric cars. Verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*N. T. Guernsey,* for appellant.

*Dowell & Parrish* and *Gillispie & Bannister,* for appellee.

McClain, J.— Plaintiff, carrying an infant and a small satchel, and accompanied by another small child, attempted to dismount from defendant's car, on which she had been carried as a passenger to her destination at a country highway crossing, designated on her passage receipt as " Dailey's," and while doing so she fell and was injured. At this crossing, though it was designated on the ticket as a station, there was, as plaintiff well knew, no station, nor station platform; but in the highway the approaches to the rails on either side had been planked by the company, and the highway had been graded up to the planks; and it was usual to stop cars so that passengers could dismount by stepping from the car steps to the approach to the crossing. The negligence of defendant as alleged consisted in not furnishing plaintiff a safe place to alight; in stopping the car several feet east of this planking and approach in the highway, so that plaintiff was required to step down a greater distance, on account of the surface of the highway being lower at this point than the end of the ties, and inviting plaintiff to alight at this point, which was an unsuitable place for alighting; and in not notifying plaintiff of the danger or rendering her assistance in alighting.

I.   The request of defendant that the jury be instructed to return a verdict in its favor, on the ground that there was no evidence of negligence, was properly overruled.

1. Interurban
   railways:
   negligence.
While it was not the duty of defendant operating a car which, for the accommodation of passengers, was stopped at any highway crossing where they desired to alight, to provide a passenger platform at each of such crossings, it was its duty to exercise at least reasonable care to enable plaintiff to alight with as little danger as practicable, and if the car was stopped, and plaintiff invited to alight, at a place more

hazardous than that at which the car might conveniently have been stopped, then the defendant was negligent. The question was properly for the jury. *Richmond City. R. Co. v. Scott,* 86 Va. 902 (11 S. E. 404); *Cartwright v. Railway Co.,* 52 Mich. 606 (18 N. W. 380, 50 Am. Rep. 274); *Bullard v. Boston & M. R. Co.,* 64 N. H. 27 (5 Atl. 838, 10 Am. St. Rep. 367). The cases relied on for appellant are those in which it is held that a street car company is not liable to a passenger alighting from its car for injuries received after alighting, due to defects in the highway. See, for example, *Bigelow v. West End. St. R. Co.,* 161 Mass. 393 (37 N. E. 367); *Scanlon v. Phila. Rapid Transit Co.,* 208 Pa. 195 (57 Atl. 521); *Conway v. Lewiston, etc., Horse R. Co.,* 87 Me. 283 (38 Atl. 110). In the case last cited it is said: " It should also be remembered that the defendant's cars were drawn by horses, and operated without regular stations or established places for passengers to get on or off the cars. They were not run from station to station only, but, upon signal or request, stopped as near the point desired as practicable either to take on or to discharge passengers. It was undoubtedly the duty of the conductor to exercise all reasonable care, diligence, and prudence to ascertain the conditions existing at all points where the car was to stop, and otherwise to promote the convenience and guard the safety of passengers at all times when entering or leaving the car." This language suggests a distinction which should be taken into account between street cars operated in the streets of a city which are stopped on signal, and interuban cars operated through the country, and which may be stopped at highway crossings. Cars of the latter description are stopped at any highway designated by the passenger, but the particular place in the highway at which the car shall be stopped is under the control of the conductor or motorman, and care should be exercised to stop the car at such place as is reasonably suitable for the purpose, as safe a place as can be reasonably selected.

II.  What has just been said as to the duty of defendant is applicable in considering the question whether there was contributory negligence on the part of plaintiff. The passenger alighting from a street car does so at a place selected by him through his signal, and may reasonably be required to look out that the street is in such condition where he attempts to step off that it is safe to use it; but a passenger on an interurban car, which is stopped for him to alight at a highway crossing, may reasonably assume that the car has been stopped in the portion of the highway where he is invited to alight, unless warned of danger, and is not conclusively negligent in accepting the invitation to alight at a place which is in fact unsafe.  The question of contributory negligence was to be determined by the jury in view of the circumstances.  *Matthieson v. Burlington, C. R. & N. R. Co.,* 125 Iowa, 90.

2. SAME: contributory negligence.

III.  The court was not in error in failing to submit to the jury the question of assumption of risk.  Plaintiff did not assume the risk involved in stopping the car for her to alight at a more dangerous place than that where it was usually stopped, for she had no knowledge of the added danger due to defendant's negligence.  She had the right to assume that the car had not been stopped at a place for her to alight which was not the usual place and was more dangerous.  *Eastland v. Clarke,* 165 N. Y. 420 (59 N. E. 202, 70 L. R. A. 751); *Hogarth v. Pocasset Mfg. Co.,* 167 Mass. 225 (45 N. E. 629).  As to the alleged negligence in not providing a safe place to alight, such as a platform or something equivalent to it, there could be no assumption of risk by a passenger, for, as will be hereinafter indicated, the defendant owed a duty to such passenger to furnish him a safe place for alighting, and the doctrine of assumption of risk does not apply " to a case where the negligent course of conduct which it is claimed had been assumed and recognized is connected with the dis-

3. SAME: assumption of risk.

charge of a general duty to the public." *Carver v. Minneapolis & St. L. R. Co.*, 120 Iowa, 346.

The defendant owed the public duty to plaintiff to furnish her a safe place to alight at her destination fixed in the contract of transportation, and was not relieved of

4. SAME.

that duty by knowledge on the part of the plaintiff that it had not previously been discharging that duty as to herself or other passengers, stopping at that destination. That this is so must be self-evident, for, were it otherwise, the defendant could relieve itself entirely from the consequences of a violation of its duty to its passengers by so continuously and notoriously violating such duty that the passengers would be charged with notice that the duty would not be observed. If plaintiff had known that she had been carried beyond the usual place for alighting, she would, no doubt, have assumed the risk of such reasonably apparent dangers as were involved in alighting at such place; but the same facts would constitute contributory negligence, and there was no occasion to instruct on assumption of this risk, in view of the instructions given with reference to contributory negligence. Assumption of risk and contributory negligence are sometimes indistinguishable. 4 Thompson, Negligence, section 4611.

IV. Error is assigned in submitting to the jury the question whether defendant was negligent, as alleged in her petition, in carrying plaintiff beyond the platform and regu-

5. NEGLIGENCE: instruction.

lar stopping place at said station. Without now considering whether the planked crossing might not properly be designated as a platform, it is sufficient to say that, after telling the jury that they should " consider only the negligence alleged by the plaintiff in her petition as set forth in the statement immediately preceding these instructions," the court stated categorically the grounds of negligence which they could consider, and did not include therein the alleged negligence in carrying plaintiff beyond the platform. The jury could not have been misled.

V.   Plaintiff specifically alleged negligence of defendant in not providing a suitable place at the station which was plaintiff's destination for her to alight, and the court submitted this question to the jury.  Error is assigned on this instruction.  As already stated, there was no station nor passenger platform at the highway ·crossing which was plaintiff's destination, although the place was designated on plaintiff's ticket by name as "Dailey's."  ·The complaint is that by designating this place as a station, and telling the jury that if defendant stopped the car at this place for the purpose of having passengers alight therefrom, and invited plaintiff to alight at an unsuitable and unsafe place to discharge passengers from said car, and failed to furnish plaintiff a reasonably safe place to alight from said car, this would be an act of negligence on the part of the defendant, the court left it for the jury to say whether it was negligence on the part of the defendant not to have a station platform.

6. Same.

Now, it may be conceded that defendant was not bound to maintain a passenger platform at every highway crossing where it stopped its cars to enable passengers to alight at their request, and that it would be improper to instruct the jury broadly, in every case, that there was a· duty on the part of defendant to furnish a safe place to alight wherever a car might be stopped, for such direction might be taken to authorize recovery for injury received in stepping from the car step to the highway, no matter how carefully the place of stopping had been selected, on the theory that it was unsafe to step down even seventeen inches, the distance from the lowest step to the level of the top of the rail.  The instruction referred to, which is too long to be set out in full, is not entirely clear as to whether the negligence therein referred to was in not furnishing a safe place in general for passengers to alight, or in not selecting a suitable place in the highway for that purpose.  But, assuming that the jury could construe it as requiring defendant to furnish a safe

place in general, we think it was not erroneous as applied to the facts in this case. The contract was to carry plaintiff to "Dailey's," as a specific destination, which was thus indicated as a place where plaintiff might alight. This contract implied the duty to furnish plaintiff a safe place to alight at this destination. *Dougherty v. Kansas City, etc., Rapid Transit Co.,* 128 Mo. 33 (30 S. W. 317, 49 Am. St. Rep. 536); *Missouri Pac. R. Co. v. Wortham,* 73 Tex. 25 (3 L. R. A. 368, 10 S. W. 741); *Franklin v. Southern Cal. M. R. Co.,* 85 Cal. 63 (24 Pac. 723); *Raben v. Central Iowa R. Co.,* 74 Iowa, 732.

With reference to the duty of defendant to furnish plaintiff a safe place to alight at "Dailey's," which was a place to which defendant specifically contracted to carry passengers, it was not error, therefore, to instruct that it involved the obligation to furnish them a safe place to alight. It does not follow that this duty involved the furnishing of a special platform in view of the nature of the transportation which defendant undertook to furnish, but it was for the jury to say whether, in view of the nature of the transportation, the place provided was a safe place. It may well be, as argued, that, at highway crossings not designated by the defendant as regular stopping places, it would not be negligent if it used due care in selecting as safe a place as practicable for a passenger to alight, although it did not provide any special conveniences or appliances for the use of passengers. *Cincinnati W. & M. R. Co. v. Peters,* 80 Ind. 168; *Alabama & V. R. Co. v. Stacey,* 68 Miss. 463 (9 South. 345). There was no error in the instruction as given under the record in this case.

VI. Exception is taken to an instruction with reference to the duty of defendant to furnish plaintiff assistance in alighting. In general, it is not the duty of the employés of a

7. Same.

railroad company to give passengers such assistance. *Raben v. Central Iowa R. Co.,* 74 Iowa, 732. But under special circumstances this duty may

arise.  *Allender v. Chicago, R. I. & P. R. Co.,* 37 Iowa,
264; *New York, C. & St. L. R. Co. v. Doane,* 115 Ind.
435 (17 N. E. 913, 1 L. R. A. 157, 7 Am. St. Rep.
451); *Cartwright v. Chicago & G. T. R. Co.,* 52 Mich. 606
(18 N. W. 380, 50 Am. Rep. 274); *Baltimore & O. R. Co.
v. Leapley,* 65 Md. 571 (4 Atl. 891). The court called the
attention of the jury to certain facts shown in evidence,
proper to be considered by them in determining whether
in this case there was such duty, and left it for them to say
whether there was negligence on the part of defendant's
conductor in not giving plaintiff assistance. In this there
was no error.

VII. An instruction as to contributory negligence is
complained of, on the ground that it allowed the jury to
take into account the knowledge, if any, which plaintiff had
as to the distance from the step to the ground

8. SAME: con-
   tributory
   negligence.

at the place where she was invited to alight,
and it is argued that she should have been re-
quired also to take into account what she could have known
in the exercise of ordinary care. An instruction embodying
this thought was requested for defendant. But the com-
plaint of the instruction given, as well as of the refusal to
give the instruction asked, is predicated on the claim that
plaintiff was as matter of law negligent, if she did not for
herself ascertain whether it was dangerous to attempt to
step to the ground at the place where the car was stopped,
and she was invited to alight. This view is erroneous, as
already pointed out in this opinion. Plaintiff had the right
to assume that she was not invited to alight at a dangerous
place.

VIII. In two respects there is complaint as to the
direction to the jury with reference to the measure of dam-

9. PERSONAL
   INJURY
   OF WIFE:
   measure of
   recovery.

ages. In the first place, it is said the jury
were allowed to take into account loss of
earning capacity, which would be erroneous,
as plaintiff was a married woman. But we understand the

instruction complained of to limit recovery to physical pain and suffering and mental anguish. For this she could recover in her own right. As there was no evidence with reference to loss of earning capacity, it was not error to refuse defendant's requested instructions that plaintiff could not recover damages on that account.

The second ground of objection to the instruction on this subject is that the jury were told in no event to allow plaintiff more than $15,000, which was the amount claimed in her petition. It is said that this was misleading, as the jury might infer that a verdict up to that amount would be proper; whereas, the evidence would not justify any such verdict. It is no doubt improper to so state the limitation as to suggest a verdict for the amount claimed. *Rost v. Brooklyn Heights R. Co.,* 41 N. Y. Supp. 1069 (10 App. Div. 477); *Gilbertson v. Railway Co.,* 43 N. Y. Supp. 782 (14 App. Div. 294); *Illinois Central R. Co. v. Souders,* 178 Ill. 585 (53 N. E. 408); Joyce on Damages, section 207. But the verdict was for $3,000, and there is no occasion to surmise that the amount fixed was in any way influenced by the statement that it should not exceed $15,000. Under the evidence, the amount allowed was not excessive, and we think it clearly appears that defendant was not prejudiced by the language used. Some direction on the subject is proper in connection with an instruction as to measure of recovery, and the court would not have been justified under the evidence in fixing an absolute maximum less than that named in the petition. We do not find in the language used any suggestion that a verdict of $15,000 would be proper under the evidence. It might have been safer to explain in a few words that the maximum was stated because that was the sum claimed which must limit plaintiff's recovery; but in this case it clearly appears that the jury was not misled by the omission of such explanation.

10. INSTRUCTION AS TO AMOUNT OF RECOVERY.

IX. Exceptions were taken to the overruling of ob-

jections to questions asked medical witnesses as to what was the cause of the injury for which plaintiff asked re-

**11. EXPERT EVIDENCE: conclusion.** covery, and error is assigned on such rulings because, as claimed, the witnesses were asked to usurp the functions of the jury. But the questions and answers, taken together, show that the witnesses only testified that plaintiff's injuries were due to some such external violence as that which plaintiff suffered, and there could have been no prejudice. There was no question under the evidence as to the fact that the injuries complained of resulted from the accident.

We have noticed as fully as reasonable space will allow all the alleged errors set out in appellant's argument.

Finding no error which would justify a reversal, the judgment is *affirmed.*