CHALKER v. DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. CARRIERS — RAILROADS — PERSONAL INJURIES—SNOW AND ICE— NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad company for personal injuries alleged to have been caused by plaintiff's slipping upon ice and snow on the step of the car and falling to the ground as she was about to alight, the disputed question of fact as to whether the ice and snow had accumulated during the trip, and since the train left its starting point in the morning, was properly submitted to the jury.

2. SAME—TRIAL—INSTRUCTIONS.

Even if the ice and snow had accumulated during the trip, still if it rendered the steps dangerous to pass over, a duty was imposed upon defendant to warn and assist plaintiff in alighting, and where it is admitted by the brakeman that he did neither, failure of the court to instruct the jury in this respect was reversible error.

3. SAME.

Uncontradicted evidence that the train did not stop at the station platform, that the distance from the last step to the ground was about 20 inches, that the ground was so slippery that a stool could not be kept in place and so was

On duty of carrier of passengers to keep steps of cars free from snow and ice, see note in 15 L. R. A. (N. S.) 523; 35 L. R. A. (N. S.) 592.

thrown aside, and that passengers were compelled to step to the slippery ground, rendered it the duty of defendant to warn and assist plaintiff, and where it is conceded that it did not do so, the court below was in error in neglecting to instruct the jury that if defendant's failure in these respects contributed to her injuries and increased her damages she would be entitled to recover therefor.

Error to Shiawassee; Collins, J.    Submitted June 12, 1919.    (Docket No. 26.)    Decided July 17, 1919.

Case by Orpha L. Chalker against the Detroit, Grand Haven & Milwaukee Railway Company for personal injuries.    Pending the trial, plaintiff died, and the case was continued by her administrator.    Judgment for defendant.    Plaintiff brings error.    Reversed.

*Albert L. Chandler,* for appellant.

*Harrison Geer* (*W. K. Williams,* of counsel), for appellee.

BIRD, C. J.    On the 8th day of February, 1917, Orpha L. Chalker and her husband were passengers on defendant's morning train from Owosso to Durand. When the train arrived at Durand it stopped about 300 feet east of the station platform and the passengers were advised to alight.    Mr. and Mrs. Chalker got up and passed out of the car and onto the platform, Mr. Chalker leading the way.    He reached the ground in safety but Mrs. Chalker slipped on the ice and snow deposited on the first step and fell to the ground, striking on her stern and back, seriously injuring her, the distance from the platform to the ground being about five feet.    She was assisted to her feet by Mr. Chalker and the brakeman and taken to a nearby hotel where she received medical aid.    She brought suit against defendant to recover her damages.    The substance of her complaint was that defendant did not furnish her a reasonably safe exit

from the car, and did not furnish her a safe place to alight. A trial resulted in a substantial verdict in her behalf. Subsequently a new trial was granted by the trial court and before the case was retried Mrs. Chalker died. At the second trial she was represented by her administrator. The second trial resulted in a verdict for the defendant. Plaintiff has brought the proceedings to this court by writ of error, assigning several errors thereon.

The contention of appellant amounts to this: That Mrs. Chalker was not furnished reasonably safe facilities for leaving the car, nor was she furnished a reasonably safe place to alight. That the steps were coated with ice and snow which made them dangerous to pass over, and that she was neither advised of their dangerous condition nor was she assisted in alighting, and further, that no platform was provided on which to alight and that no box or stool was substituted therefor, as is sometimes the case.

Defendant contends that the cars were free from ice and snow when they left Grand Haven, its western terminus, and that whatever ice and snow were on the steps at Durand were due to prevailing weather conditions, and that under the holding in *Meyer* v. *Railroad Co.*, 180 Mich. 516, it was not bound to remove the snow and ice which collected in such manner until it reached its eastern terminus, which was Detroit.

1. The trial court took defendant's view and charged the jury in accordance therewith. The proofs bearing upon this question were in conflict, and we think the trial court was right in submitting the question to the jury.

2. The trial court in his instructions took no notice of the other complaints of plaintiff and gave no instructions whatever to the jury concerning them. Conceding that the snow and ice had accumulated since

leaving Grand Haven or Grand Rapids, still if the steps were dangerous to pass over on account of the ice and snow, when the train arrived at Durand, it imposed upon the defendant the added duty of warning Mrs. Chalker of the danger, and also the duty of assisting her to alight in safety. The brakeman admitted that he did neither. The defendant's duty, under such circumstances, is stated in Ruling Case Law:

"The duty of the carrier to provide safe and convenient means of entering and leaving its vehicle includes the exercise of due care in the construction and keeping in at least a reasonably safe condition of the steps of cars and other appliances for enabling passengers to board and alight from its cars.  *  *  * So also it may be the carrier's duty under certain circumstances to provide a stool or box for the use of a passenger entering or leaving its car, as, for instance, where the steps of such cars are inconveniently high, or where the car has been stopped at a point where there is no platform.  *  *  *

"While there are cases that seem to hold as a matter of law that no duty rests upon carriers of passengers by rail to assist persons entering or getting off their cars, the usual rule is that though it is generally not the duty of a carrier's employees to assist passengers to board or alight from its vehicle, such duty may and frequently does arise, the obligation of a carrier in this respect depending largely upon the nature of his vehicle, the facility with which access may be had without assistance, and similar circumstances, and that the question is one for the determination of the jury upon a consideration of all the circumstances in the particular case. It would clearly appear to be the duty of a railroad company stopping its train at a place at which passengers cannot easily board or leave the train, to assist them to do so. While the duty to furnish a safe platform, and a step or stool whenever the same is necessary to make it safe, does not necessarily include the duty to assist alighting passengers, it has been held to be the duty of a railroad company which furnishes a box for passengers to alight upon at a point where there is no platform,

at least to render such assistance to passengers as to make the box as safe as a platform would have been." 4 R. C. L. p. 1233, and cases cited.

See, also, *Cartwright* v. *Railway Co.*, 52 Mich. 606.

The plaintiff was entitled to a charge covering this phase of her case.

It was shown, without contradiction, that the train did not stop at the station platform, that the distance from the last step to the ground was about 20 inches, that the ground was so slippery that a stool could not be kept in place so it was thrown aside by the brakeman and the passengers were compelled to step to the slippery ground. These conditions also made it the duty of the defendant to warn and assist plaintiff. It was said in *Cartwright* v. *Railway Co.*, *supra:*

"If a car in which there were passengers was not standing where it would be safe for them to alight without assistance, it was the duty of the company to provide assistance or give warning, or to move the car to a more suitable place."

Plaintiff was entitled to have the jury instructed that if defendant's failure in these respects contributed to her injuries and increased her damages, she would be entitled to recover therefor.

For the errors pointed out the judgment will be reversed and a new trial granted. The plaintiff will recover her costs in this court.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.