LOTTIE CONWAY

*vs.*

LEWISTON AND AUBURN HORSE RAILROAD COMPANY.

Androscoggin.    Opinion March 13, 1895.

*Street Railroad.    Way.    Passenger.*

A street railroad company, having no control over the street, is not an insurer
of the safety of any place at which it stops a car for passengers to alight.
If the company exercises proper care in its selection of a place, it is not in
legal fault if the place proves to be in fact unsafe.

ON MOTION AND EXCEPTIONS.

This was an action on the case upon which the plaintiff
recovered a verdict of $347.17, for injuries received by her in
alighting from the defendant's horse car, on the evening of
August 27, 1892, on Skinner street in Lewiston, her ankle being
broken. The plaintiff claimed that at the point where she
alighted, close by the car, was a ditch at the side of the road, and
that the conductor came along when he stopped the car and
helped her off at this point; that in the dark, not knowing any-
thing about the ditch, and supposing it to be a safe place to
alight, she stepped down and received the injury.

The case is sufficiently stated in the opinion. The disposition
of the exceptions made by the court renders any further notice
of the motion for a new trial unnecessary.

*A. R. Savage and H. W. Oakes*, for plaintiff.

While common carriers of passengers are not insurers, they
are bound to exercise the highest degree of care and caution,
and a failure to exercise this is negligence for which the carrier
is liable. *Brown* v. *N. Y. Central R. R.* 34 N. Y. 404;
*Deyo* v. *N. Y. Cen. R. R.* 34 N. Y. 9; *Maverick* v. *8th Ave.
R. R. Co.* 36 N. Y. 380; Sto. Bail. § 601; *McElroy* v. *N. & L.
R. Co.* 4 Cush. 400. No difference in this duty between steam
and horse railroads. *Wynn* v. *Cen. Park, &c. R. R. Co.* 33
N. Y. S. R. 181; *Citizens St. R. Co.* v. *Twiname*, 111 Ind.
587; *Topeka* v. *Higgs*, 38 Kans. 375; *Smith* v. *St. Paul*, 32

Minn. 1 ; *Citz. &c. R. Co.* v. *Findley*, 76 Ga. 311 ; *Barrett* v. *3d Ave. R. R.* 45 N. Y. 628 ; *Hill* v. *9th Ave. R. R.* 109 N. Y. 239.

Carriers are bound to provide safe alighting places, and are bound by the direction of employees representing them to be safe. *Cincinnati H. and I. R. Co.* v. *Carper*, 112 Ind. 26.

The application of this principle has been stated by the various courts in different language, but emphatically recognizing the correctness of the doctrine.

*Richmond* v. *Scott*, 86 Va. 902, is a case almost exactly parallel with the one before us. Hunton, J., says : " The action . . . arises out of the duty which every carrier of passengers is under, not to expose his passengers to any danger in alighting which can be avoided by the exercise of extreme care and caution. The implied contract to carry safely includes the duty of giving passengers reasonable opportunity to alight in safety from the train, and a violation of this part of the company's duty is culpable negligence for which action will lie." Whart. Neg. § 649. In *Cartwright* v. *Chicago*, 52 Mich. 606, Cooley, C. J., thus states the law : "If a car in which there were passengers was not standing where it would be safe for them to alight without assistance, it was the duty of the company to provide assistance or give warning or move the car to a more suitable place." *R. R. Co.* v. *Whitfield*, 44 Miss. 466 ; *R. R. Co.* v. *Buck*, 96 Ind. 346 ; *McGee* v. *R. R. Co.* 92 Mo. 208 ; *Maverick* v. *8th Ave. R. R.* 36 N. Y. 378 ; *Cockle* v. *London and S. E. Ry. Co.* L. R. 5 C. P. 457 ; *Nicholson* v. *Lancashire R. R. Co.*, 3 H. and C. 534 ; *Fay* v. *London R. Co.* 18 C. B. (N. S.) 225 ; *Brassell* v. *N. Y. Central R. R. Co.* 84 N. Y. 241 ; *Penn. R. R. Co.* v. *White*, 88 Penn. St. 327 ; *Balt. and O. R. R.* v. *State*, 60 Md. 449.

*F. W. Dana and W. F. Estey*, for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE- HOUSE, WISWELL, JJ.

EMERY, J. The defendant company was operating a street railway through various streets in Lewiston. The plaintiff was

being transported along the street as a passenger on one of the company's open cars. Upon her signifying a desire to alight, the car was stopped to enable her to do so, though at some distance beyond the place where she gave the signal. It chanced that, at the place where the car stopped, the side of the street sloped away into a ditch, so that the step down from the car to the surface of the ground was longer than usual, or than she anticipated, and consequently she lost her balance, fell and was injured. She claimed at the trial that the company was bound to stop the car at a place safe for alighting, and this place proving to be unsafe, the company was responsible for her injury.

Thereupon, the presiding justice ruled and instructed the jury in part as follows : " I instruct you, as matter of law, that it is a duty incumbent upon the common carrier, it is a duty upon this defendant corporation, carrying passengers for hire, to give them a suitable place of ingress or opportunity to enter upon the car ; and to give them a place of safety for exit or egress from the car. It is a question of fact for you, from the evidence in this case, to decide whether or not, at the point where this car stopped, there was a suitable or safe place for this plaintiff to alight from that car.

" If it was not a safe place, under all the circumstances of the case, and an injury was received by her, and she herself was in the exercise of due care at that time and place, then she is entitled to recover."

The correctness of this statement of the law, applicable to street railways, is the question presented by the defendant's exceptions.

Upon a careful reading of the language of the ruling, it will be seen that the question of care or negligence on the part of the defendant was entirely eliminated. No matter how great and painstaking the care and foresight of the defendant in this very matter of finding a safe place for alighting, the ruling rendered them of no avail. No matter how safe the place may have appeared ; no matter that there was nothing to indicate to the most prudent and vigilant man a lack of safety, the ruling held the

defendant in fault. The only question left to the jury was whether the place was in fact safe or unsafe. The jury were in effect told, that if the place was in fact unsafe, the plaintiff was entitled to recover notwithstanding the most extreme care on the part of the defendant company.

Whether the ruling is a correct statement of the law applicable to common carriers of passengers, which have the power of constructing, and exclusively controlling, places for passengers to alight, is not the question here. This defendant company, so far as the case shows, had no such power. It had, so far as appears, no control whatever over the ditches, or the streets outside, or even inside its rails. It could not select the places in the streets where its track should be laid, or its cars run. It could not construct nor control any places at which passengers were to step on or off its cars. It had to locate its track and run its cars where the public authority directed. It had to leave the centre, sides and surface of the streets and ditches to the same authority. Passengers entering or leaving the cars had to use the streets in the condition they were left by the authority in control of them. Such passengers were not in the care of the company till they got on the car. They were no longer in its care when they stepped off the car. The company's care and duty began when its control began, and ceased when its control ceased.

In the absence of any authority given the street railway company over the streets, it must be evident that it cannot be held as an insurer of their safety for passengers to alight upon.

It is urged, however, that the ruling does not require a street railway company to provide a safe place, but only to find a safe place on the street before inviting passengers to alight. But, with this interpretation, the ruling still throws out the element of possible great and anxious care on the part of the company. If, after the highest degree of care in the selection, the place stopped at proves unsafe in fact, however safe in appearance, the company is allowed no defense. The surface may appear hard, flat and smooth, and the best possible place for alighting, and yet a hidden defect, not known to nor ascertainable by the

company after careful inspection, may cause an injury to the alighting passenger. The fault, if any, in such case would be in fact upon the party charged with the duty of keeping the street in repair; but the ruling would place it on a party having no such duty, nor any control over the street. We think the ruling is erroneous, with whatever interpretation it is fairly susceptible of. *Middlesex R. R. Co.* v. *Wakefield*, 103 Mass. 261; *Creamer* v. *West End Railway*, 156 Mass. 320.

In the case, *Richmond* v. *Scott*, 86 Va. 902, and in the other cases cited by the plaintiff, in which the street railway company was held liable, it will be found that the question of the care or negligence of the company was not eliminated; hence they are not authorities in support of this ruling.

*Exceptions sustained.*