Rockingham,
June, 1899.

CALL v. PORTSMOUTH, KITTERY & YORK STREET RAILWAY.

Certain evidence considered sufficient to warrant a submission of the questions whether the defendants, a street railway company, were guilty of negligence in removing a fence near their tracks, thereby rendering a highway unsafe for public travel, and in selecting an unsuitable place for the reception of a passenger, and whether the plaintiff, in attempting to board a car at such a place, was in the exercise of due care.

CASE, for injuries caused by the plaintiff's fall into a ditch by the side of a highway in Kittery, Maine, in consequence of (1) the defendants' act in removing a fence and thereby rendering the highway unsafe for travelers, and (2) the defendants' negligence in inviting the plaintiff to board one of their cars as a passenger at an unsuitable place. Trial by jury.

The defendants were created a corporation by an act of the Maine legislature, which authorized them to construct and maintain a street railway in the highway in question, and provided, among other things, that their road " shall be constructed in such form and manner and with such rails and appliances that so much of the streets, roads, and ways as are occupied thereby shall be safe and convenient for travelers, and said road shall be liable in an action on the case for any loss or damage which any person may sustain by reason of any failure to comply with this provision "; and that the defendants shall maintain in repair " such portions of the streets, town or county roads as shall

be occupied by the tracks of its railroad, and shall make all other repairs of said streets or roads which may be rendered necessary by the occupation of the same by said railroad," and "shall be liable for any loss or damage which any person may sustain by reason of any carelessness, neglect, or misconduct of its agents or servants, or by reason of any defect in so much of said streets or roads as is occupied by said railroad, if such defect arises from neglect or misconduct of the company, its servants and agents." Me. Laws 1893, c. 582, ss. 10, 12.

The evidence tended to show that at the place of the accident, and for some distance westerly of it, the railway was lawfully located ten or eleven feet from the southerly line of the highway; that formerly there was a fence within ten or twelve inches of the line upon which the southerly rail of the track was placed, separating the traveled part of the highway from Chauncey's creek and a ditch; that this fence was removed by the defendants' contractors when they built the railway in 1897, and was not replaced opposite the place of the accident; that the ditch at that point was within the limits of the highway; that the absence of a fence there rendered the highway unsafe for travelers; that in the evening of November 1, 1897 (which was foggy and dark), the plaintiff, standing by the side of the railway, some twenty or thirty feet easterly from the unsafe place, signalled for one of the defendants' cars, going in a westerly direction, to stop and take her as a passenger; that it stopped opposite the place where there was no fence; that the plaintiff passed along the railway track until she nearly reached the rear end of the car, when she turned to the south to mount the platform and fell into the ditch and was injured; that the lights within the car shone through the windows and rear door, striking the ground about ten feet from the rear end of the car and some six or seven feet from its sides; that the defendants were negligent in stopping at such a place to take up a passenger; and that the plaintiff exercised ordinary care. The defendants' motions to order a nonsuit and a verdict in their favor were denied, subject to exception.

*Page & Bartlett,* for the plaintiff.

*Samuel W. Emery,* for the defendants.

WALLACE, J. The defendants' motions for a nonsuit and for a verdict in their favor were properly denied, as there was evidence of negligence on the part of the defendants, and of due care on the part of the plaintiff, which warranted the submission of the case to the jury. They could properly find on the evidence that the defendants were negligent (1) in suffering an open

ditch to remain unguarded at the side and within the limits of the highway, from which ditch the fence or guard-rail had been removed in the construction of their railroad, thereby rendering the highway unsafe for travelers, and (2) in stopping at such a place for the plaintiff to board one of their cars as a passenger. The defendants would be liable at common law to any one who, in the exercise of due care, was injured by an obstruction or defect in a highway caused by their negligence. *Paine* v. *Railway*, 58 N. H. 611 ; *Osgood* v. *Railroad*, 130 Mass. 492. But in addition to this, the defendants' charter in express terms made them liable for such negligence. It imposed upon them the duty of so constructing their railroad that so much of the streets as they occupied " shall be safe and convenient for travelers," and made them liable " for any loss or damage which any person may sustain by reason of any failure to comply with this provision." It also imposed upon them the duty of keeping in repair such portions of the streets as should be occupied by their tracks, and of making all other repairs of said streets " which may be rendered necessary by the occupation of the same by said railroad," and provided that they " shall be liable for any loss or damage which any person may sustain by reason " of their negligence, " or by reason of any defect in so much of said streets . . . . occupied by said railroad " as arises from their negligence or misconduct. The defendants were also required to exercise ordinary care in selecting a suitable place to stop their car for the purpose of receiving the plaintiff as a passenger, and would be answerable for their neglect to perform this duty.

There is nothing in *Parker* v. *Publishing Co.*, 69 Me. 173, and *Conway* v. *Railroad*, 87 Me. 283,— *S. C.* 90 Me. 199, that relieves the defendants from liability in this case, or which is an authority against the position here taken. In *Conway* v. *Railroad*, 87 Me. 283, it was held that the ruling of the presiding justice at the trial was erroneous, because " the question of care or negligence on the part of the defendant was entirely eliminated." And the court also say : " In the absence of any authority given the street railway company over the streets, it must be evident that it cannot be held as an insurer of their safety for passengers to alight upon." In *Conway* v. *Railroad*, 90 Me. 199, the defendants failed to stop their car at a street crossing for the plaintiff to alight, but ran a short distance beyond, and in alighting from the car she stepped upon a rolling stone in the street and was injured. It was held that the defendants were not negligent in failing to stop the car precisely at the crossing, that the place of alighting was not so difficult and unsuitable as to render them negligent in permitting the plaintiff to alight there, and that the negligence imputed to the defendants " was not the real or proximate cause of the injury." This last case in express terms

recognizes the duty of the defendants to exercise due care for the safety of their passengers when entering or leaving their cars, in the following language: " It was undoubtedly the duty of the conductor to exercise all reasonable care, diligence, and prudence to ascertain the conditions existing at all points where the car was required to stop, and otherwise to promote the convenience and guard the safety of passengers at all times when entering or leaving the car." Both cases of *Conway* v. *Railroad* proceed upon the basis that the street railway company had no control over or duty in regard to repairing the streets through which their tracks ran, which was precisely the opposite condition from that existing in the case at bar. This case is distinguishable from *Parker* v. *Publishing Co.*, 69 Me. 173, for the decision in that case was expressly placed upon the ground that the plaintiff's presence upon the defendant's premises was " simply permissive." Furthermore, in Maine as in New Hampshire, the question of contributory negligence is for the jury when there is evidence that warrants the submission of that question to them, as there was in the case at bar. *Watson* v. *Railway*, 91 Me. 584.

The case finds that the evidence tended to show " that the plaintiff exercised ordinary care." This conclusion was warranted by the evidence that at the time of the accident it was a dark and foggy night, that there was a shadow extending several feet from the rear and sides of the car, that the plaintiff was very near the rear end of the car when she fell into the ditch, that she could not see it, and that some others who were present were also unable to see it. From this evidence the jury could properly find that the plaintiff was in the exercise of due care at the time of the accident, notwithstanding there was other evidence tending to show that the lights of the car shone into the ditch so it could be seen.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.