Rockingham,  }
   Dec., 1900. }

DOW v. PORTSMOUTH, KITTERY & YORK STREET RAILWAY.

Certain evidence considered sufficient to warrant a submission of the question: whether a pedestrian, who was injured by reason of a defect in a highway resulting from the defendants' negligence, was in the exercise of due care.

CASE, for injuries received by the plaintiff in a fall from a plank sidewalk in York, Maine, in consequence of the defendants' negligence in constructing the walk three or four feet perpendicularly above the level of the highway without a railing, thereby rendering the highway unsafe for travelers. Trial by jury and verdict for the plaintiff.

The defendants were incorporated by an act of the Maine legislature (Me. Laws 1893, c. 582), which authorized them to construct and maintain a street railway in the highway in question, and which contained, among others, the following provisions:

" SECTION 10.    Said road shall be constructed in such form and manner and with such rails and appliances that so much of the streets, roads, and ways as are occupied thereby shall be safe and convenient for travelers, and said road shall be liable in an action

on the case for any loss or damage which any person may sustain by reason of any failure to comply with this provision.

"SECTION 12. The company shall keep and maintain in repair such portion of the streets, town or county roads as shall be occupied by the tracks of its railroad, and shall make all other repairs of said streets or roads which may be rendered necessary by the occupation of the same by said railroad, and if not repaired upon reasonable notice, such repairs may be made by the town in which the necessity exists, at the expense of said company, and said town may recover all expenses in an action of money paid for the use of said railroad company. Said company shall be liable for any loss or damage which any person may sustain by reason of any carelessness, neglect, or misconduct of its agents or servants, or by reason of any defect in so much of said streets or roads as is occupied by said railroad, if such defect arises from neglect or misconduct of the company, its servants or agents."

There was evidence tending to show that at the place of the accident, prior to the construction of the defendants' railway, the sidewalk was separated from the traveled part of the highway by ground higher than the sidewalk, and that the walk at this point was then safe for travel; that the defendants, in constructing their railway, located the new sidewalk nearer the outside limit of the highway as laid out than the old one, and so constructed the new sidewalk as to make a drop or step of three or four feet from the edge of the walk to the level of the highway, with no guard or rail for the protection of pedestrians, thus rendering it unsafe; that on the evening of July 31, 1900, the plaintiff, after stopping to speak to a person sitting upon the inside of the walk, passed along about ten or fifteen feet to the place of the accident, where he fell off the walk and received the injuries complained of; that it was quite dark, the street not being lighted except by lights in the neighboring houses.

There was also evidence tending to show that the plaintiff was familiar with the walk and knew there was no railing; that at the time of the accident he was looking ahead and could see a faint outline of the walk, but could not distinguish the edge of it; that he was thinking of being careful, supposed he was walking aright, and did not realize he was so near the edge when he fell. There was also some evidence tending to show that he said he was standing on the walk talking to a young woman, and stepped off sideways or backward.

The defendants' motions for a nonsuit and a verdict in their favor were denied, subject to exception.

*Page & Bartlett*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

BLODGETT, C. J.    The governing legal principles applicable to this case are the same as those which were applied in *Call* v. *Street Railway*, 69 N. H. 562.   In that case (which was "for injuries caused by the plaintiff's fall into a ditch by the side of a highway in Kittery, Maine, in consequence of (1) the defendants' act in removing a fence and thereby rendering the highway unsafe for travelers, and (2) the defendants' negligence in inviting the plaintiff to board one of their cars as a passenger at an unsuitable place ") it was held, in respect of the first ground of complaint, that "the defendants would be liable at common law to any one who, in the exercise of due care, was injured by an obstruction or defect in a highway caused by their negligence"; that, "in addition to this, the defendants' charter in express terms made them liable for such negligence"; and that, "in Maine, as in New Hampshire, the question of contributory negligence is for the jury when there is evidence that warrants the submission of that question to them."

In the present case it is not, and properly cannot be, controverted that the highway upon which the plaintiff received his injury was both defective and dangerous, as the result of the defendants' negligence in the construction of their railway.   The only contention open to them to which reference need be made, then, is that there was no evidence of due care on the part of the plaintiff which warranted the submission of the case to the jury.

We cannot but think there was such evidence.   True, it was not strong enough as necessarily to lead to the conclusion arrived at by the jury; but it is not necessary that it should have been. It is enough that there was evidence upon the subject which had some legitimate tendency to support the issue; and that there was, the case amply discloses.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.