Coos,
Nov. 4, 1913.

### ELI CHABOTT, *Adm'r*, *v.* GRAND TRUNK RAILWAY CO.

Evidence that an adult in the full possession of his faculties walked along a railroad track wholly inattentive to the obvious dangers of his situation and was injured by a train whose approach he took no precautions to discover is, in the absence of any evidence of care, insufficient to warrant a finding of his freedom from fault.

In such case, the fact that the injured person habitually looked and listened before walking along a railroad track is not competent to prove his care upon the occasion in question, if the evidence fails to disclose where he entered upon the track, or for what time or distance he traveled thereon.

In an action for negligently causing death, a lack of evidence in support of an issue which the plaintiff is bound to affirmatively prove cannot be supplied by an inference drawn from the general desire for the continuance of life.

Rules prescribed for the management of trains and alleged to have been disregarded are not admissible to prove negligence on the part of. the railroad employees toward a person walking upon the track, unless it appears that the latter knew and relied upon them.

Where it clearly appears that a person upon a railroad track might have escaped injury by the exercise of due care, at a time when the trainmen were powerless to prevent a collision, the plaintiff is not entitled to have the issue of liability submitted to the jury under the doctrine of the last clear chance.

A negligent failure to anticipate the presence of a pedestrian injured upon the right of way does not warrant a recovery against a railroad company, if the occupation of the track by the defendants' train ought reasonably to have been foreseen by him

CASE, for negligence. Trial by jury. Transferred from the December term, 1912, of the superior court by *Chamberlin*, J., on the plaintiff's exceptions to an order of nonsuit and the exclusion of certain evidence. The evidence tended to prove the facts hereinafter stated.

The defendants own and operate in the city of Berlin a line of railroad known as the Berlin Mills branch, which extends from the main line, across Main and other streets, to the yard of the Berlin Mills Company and is used solely for the transfer of freight to and from the mill yard. Trains pass over the branch daily with such frequency as the business demands, but are not operated upon a regular schedule. There is a slight ascending grade from the Main-street crossing to the yard. Cars are usually pushed into the yard by a locomotive in the rear and return with the engine in the lead running backward. Easterly from the Main-street crossing, the branch runs substantially parallel with that street, but at a lower grade, a distance of 830 feet to the gate of the mill yard. At a point 380 feet east of the crossing, there are steps which lead down from the highway to the road-bed and are used for access to a foot-bridge across the Androscoggin river to the Burgess Company's mill. Still further east, a foot-path leads from Main street to the road-bed. The track is much used by mill employees for passage to and from their work. A train coming from the mill yard can be seen from any portion of the track as far as the Main-street crossing; and conversely, a person walking on any part of the track can be seen from the gates of the mill yard.

About half past four in the afternoon of January 18, 1912, the plaintiff's intestate, Nobert Chabott, a man forty-nine years old, of good health, and in the full possession of his faculties, was run over and killed by a train proceeding over the branch track from the mill yard in the usual manner, with the locomotive running backward in the lead. There was no evidence as to where Chabott first went upon the track or what his purpose was in walking upon it. When he was first seen upon the track no train was in sight, although the smoke of the locomotive in the mill yard was visible. Shortly before the train struck him, he was seen walking in a westerly direction in the middle of the track. Until he was struck, he

did not look around, but walked ahead without appearing to notice the approaching train.  His hat was found beside the track, at a point nine feet west of the steps leading to the foot-bridge.  No person rode on the foot-board at the rear of the locomotive tender, and the trainmen did not see Chabott, nor know of the accident at the time it occurred.  Several witnesses testified that they did not hear the whistle or bell of the locomotive, while others called by the plaintiff testified that they heard a whistle when the train was just above the foot-bridge.

The plaintiff excepted to the exclusion of evidence as to Chabott's habit of looking and listening before stepping upon or walking along a railroad track, and also to the exclusion of certain rules of the railroad relating to the management of trains.

*Kittredge & Prescott* and *Sullivan & Daley* (*Mr. Sullivan* orally), for the plaintiff.

*Rich & Marble* and *Drew, Shurtleff & Morris* (*Mr. Marble* orally), for the defendants.

PARSONS, C. J.  The liability for careless injury of a person incapable of taking care because of his youth, or mental or physical condition (*Dorr* v. *Railway*, 76 N. H. 160; *Duggan* v. *Railroad*, 74 N. H. 250; *Wheeler* v. *Railway*, 70 N. H. 607; *Edgerly* v. *Railroad*, 67 N. H. 312), is not in question.  The plaintiff's intestate, Nobert Chabott, at the time he was killed was forty-nine years old.  His general health was good and he was in the full possession of his faculties.  There is nothing to relieve the plaintiff from the fundamental rule in the law of negligence that freedom from fault contributing to the injury on the part of the person injured is essential to a recovery for the injury.  Chabott was killed by a train backing down behind him when he was walking in the middle of the track upon a line of railroad over which trains were run at irregular intervals with no fixed schedule.  He was seen when no train was in sight, and he walked on, paying, so far as appears, no attention to the possibility of a train coming upon him.  He was entirely inattentive to the obvious dangers of the path he was pursuing.  There was no evidence when or where he went upon the track, or of his purpose in so doing; no evidence whatever to explain his course upon any theory consistent with due care.  " 'He not only did nothing to protect himself, but was in fact acting without attention to

his situation. He was thoughtless and careless when his duty to the railroad as well as to himself required him to be thoughtful and careful.' *Gahagan* v. *Railroad*, 70 N. H. 441, 446. Upon this point reasonable men could not differ, and but one sustainable verdict could be rendered. Hence it was proper for the court to refuse to submit the question to the jury." *Waldron* v. *Railroad*, 71 N. H. 362, 364.

In *Brown* v. *Railroad*, 73 N. H. 568, *Minot* v. *Railroad*, 73 N. H. 317, *Mitchell* v. *Railroad*, 68 N. H. 96, and others which have been cited, there was in each evidence of facts tending to show a reasonable belief on the part of the person injured that the track would not be occupied by trains while he was upon it, and these facts furnished evidence from which due care might be found. *Bourassa* v. *Railway*, 75 N. H. 359, is nearest in its facts to the present. There, also, the party injured was struck from behind by a shifting engine whose approach he failed to observe while walking upon the track. In that case the evidence considered sufficient for submission to the jury upon the question of the plaintiff's care was "that before entering upon the track, he looked up the track and saw no train; that the distance over which the track was open to observation was such that no train not then in sight, running at a speed reasonable under all the circumstances or usual upon this track, could overtake him before he reached the point where he proposed to leave the track; and that he had reasonable ground for believing, and did believe, that no train would pass over the track at that hour of the day." *Ib.* 360.

But in the present case there is no such evidence. It is practically admitted in argument that there is no evidence of the deceased's care, unless there was error in the exclusion of the offered evidence that the deceased had the habit of looking and listening before stepping upon or walking along a railroad track, for the purpose of discovering whether or not a train was in his vicinity. Evidence of this character has been admitted to show whether a person did or did not do a particular act at the time in question, upon the ground that a person is more apt to do a thing in the manner in which he was in the habit of doing it. It is not admissible to show general character for carefulness. *Greenwood* v. *Railroad, ante,* 101; *Parkinson* v. *Railroad*, 61 N. H. 416. This evidence, if admitted and given its full weight, would merely have established that before Chabott began his use of the defendants' tracks for travel he looked and listened for a train, and saw and

heard none.    There was no evidence where or when he entered upon the track, and it could not be found for how long or over what distance he had traveled on the track.    The witnesses who saw him walking upon the track testified that no train was in sight when he was first seen, although the smoke of a train in the yard was visible. Under these circumstances, the fact that he looked and saw no train when he first entered upon the track, if such was the fact, was immaterial.    That fact of itself would furnish no foundation for a conclusion as to how long he had been walking inattentive to his surroundings, if such fact when found would sustain a finding of care on his part.    If, in fact, he reasonably entertained the belief that there were no engines in the mill yard, and that therefore none could come upon him from behind, the plaintiff fails for lack of evidence.    There is nothing in the case tending to show such a belief; and whether his inattention was due to some such thought reasonably entertained, or to mere forgetfulness, is upon the facts in evidence pure speculation.    The place of evidence in support of an issue which the party is bound to prove affirmatively cannot be supplied by the general desire for the continuance of life.    *Wright* v. *Railroad,* 74 N. H. 128.

The rules of the railroad which were excluded do not appear to apply to the evidence.    They appear to be running rules for the management of trains.    If they have any bearing upon the defendants' negligence, there is no ground upon which it can be assumed that these rules, with which the station agent was unfamiliar, were known to and relied upon by the deceased.

In his brief, the plaintiff claims that the trial proceeded upon the theory that the defendants were liable under the doctrine of the last clear chance.    But here, also, the question is decided against him.    The ground of negligence in the defendants, assuming that they were negligent, is their failure to observe, or take sufficient measures to observe, Chabott's presence upon the track.    Upon the evidence, it is clear that the trainmen, if they were on the watch, could have seen him at any time after the train came through the mill gate.    It is equally clear that he could have seen the train if he had looked.    After the time when the trainmen could have prevented the injury by stopping the train or warning the deceased of its approach, he, if observant, could have prevented the accident by stepping from the track.    If the doctrine invoked had any application when both parties, present and acting, are unconscious of the danger until too late to prevent injury, the deceased and not the

trainmen would be responsible therefor; for he could have prevented the accident by leaving the track after it was too late for the trainmen to do anything to save him.  The case is not distinguishable from *Batchelder* v. *Railroad*, 72 N. H. 528.  There the plaintiff, claiming to be using the railroad for a path by license, was run upon by a train coming from behind.  "If it might be found from the evidence," it was said, "that the defendants would have discovered the plaintiff in time to prevent the accident if they had used ordinary care, it cannot be found that she would not have seen the train in time to escape injury if she had used the same care. It follows that she cannot recover unless circumstances exist which make her case an exception to the rule that 'a person injured by reason of his want of ordinary care, or (since the law makes no apportionment between actual wrongdoers) by the joint operation of his own and another's negligence, is remediless.' . . . The circumstances which have sometimes been held to create exceptions to this rule are incapacity on the part of the plaintiff, superior knowledge on the part of the defendant, and the intention which governed the action."  *Ib.* 529, 530.

None of the exceptions suggested applies to the present case. The deceased was suffering from no incapacity.  No disability on his part is suggested in the testimony of either of the witnesses who saw him just before and at the time he was struck.  It is not shown that the defendants possessed superior knowledge concerning the pending danger.  If it could be found that the defendants ought to have anticipated the presence of the deceased on the track and that they ought to have been watchful for his safety, it must also be found that the same standard of care, applied to the deceased, required him to anticipate the approach of trains over the track and be watchful for his own safety.

There is nothing in *Cavanaugh* v. *Railroad*, 76 N. H. 68, which aids the plaintiff.  It is there said (*p.* 73): "The law deals with the behavior of the parties in the situation in which it finds them, regardless of how that situation was produced.  If the two parties approach the point of collision asleep or inattentive, and neither wakes up or becomes alive to the situation, the concurrent negligence of both prevents a recovery from either."  "The duty of care rested on each equally.  If neither performed that duty both are in fault, and neither can recover of the other. . . . The negligence of neither is an excuse for concurrent want of care in the other, because for an injury resulting from concurrent negligence of both

neither can recover." *Gahagan* v. *Railroad*, 70 N. H. 441, 448. If there had been evidence that the trainmen saw Chabott on the track in season to avoid the injury, the case, if the other evidence permitted, might have been brought within *Cavanaugh* v. *Railroad* and the others therein discussed and cited by the plaintiff; but there was no such evidence. The suggestion that the defendants are negligent if they ought to have anticipated the deceased's presence on the track is of no importance unless it can be found that the deceased is without fault for not anticipating the defendants' use of the track. If he was not in fault on that ground, the plaintiff could recover because the deceased was not in fault and the defendants were. The last chance doctrine would not be involved. But if the deceased ought to have anticipated the coming of a train, he was in fault for not doing so, as well as the defendants, and the injury resulted from the fault of both. Assuming that the deceased was a licensee and that the evidence was sufficient to establish the defendants' negligence, the nonsuit was properly ordered because the plaintiff's freedom from fault, if it existed, rests upon conjecture, not evidence.

*Exceptions overruled.*

All concurred.