Hillsborough, }
May 4, 1915. }

### FRANCIS BONNIN *v.* BOSTON & MAINE RAILROAD.

In an action for negligence, either at common law or under the employers' liability act, the plaintiff cannot recover if it is shown by a preponderance of evidence that want of due care on his part contributed to cause the injury.

In an action against a railroad company to recover for injuries sustained by an experienced employee through collision with a locomotive, the plaintiff is not entitled to have the issue of his care submitted to the jury upon evidence that, being entirely familiar with his surroundings, he attempted to cross the track without paying the slightest attention to a train which he knew was approaching and which he could have seen in time to escape injury without even turning his head.

CASE, for negligence. Trial by jury. At the close of the plaintiff's evidence the defendants' motion for a nonsuit was granted, subject to exception. If the exception is sustained, there is to be judgment for the plaintiff for $3,000. If it is not sustained, the case is to be entered: Neither party, no further action for the same cause. Transferred from the September term, 1914, of the superior court by *Chamberlin,* J.

April 3, 1912, the plaintiff was struck and injured by a train while attempting to cross the tracks south of the Manchester station. He alleges that while in the exercise of ordinary care he was negligently run upon and injured, that the defendants' rails were allowed to become slippery and greasy, and that this condition of the rails, together with the immoderate speed of the train, caused his injury. The declaration also contains a count under the employers' liability and workmen's compensation act (Laws 1911, *c.* 163).

The plaintiff had been employed by the defendants as a car cleaner for about two years.   His evidence tended to prove that just before the accident he was sitting with one Stone in a car on a track below the Manchester station.   Stone called the plaintiff's attention to the train from Portsmouth coming in on track No. 3, the cars of of which it was their duty to clean, and they went out of the car, Stone walking ahead.   When the plaintiff was in the middle of the Lawrence platform, about twenty-seven feet east of track No. 3, he saw the Portsmouth train coming in at the cross-over about 200 feet south of the place of accident.   He did not know the speed of the train, but thought he had plenty of time to cross in front of it, as he had done many times before, when at the same place he had seen the same train coming in upon the same track from the same point in the yard.   He had never seen the train come into the station faster than six or seven miles an hour, and he relied on the usual speed.   It must have been moving faster on the day of the accident, although the engineer testified that he was running at a speed of five or six miles an hour.   The plaintiff was walking at the rate of about two miles an hour as he approached track No. 3. When he stepped upon track No. 3, the fireman on the locomotive shouted "Whoa."   The plaintiff looked up, saw the locomotive within fifteen feet of him, and not being able to get off the track, grabbed the pilot of the locomotive and was dragged under it, thus receiving the injuries for which he seeks to recover.   As he went from the Lawrence platform to track No. 3, he walked in a southerly direction and faced the approaching train to some extent, but he did not look up to see where the train was, paid no attention to it, and neither saw nor heard it until after he had stepped upon the track. The locomotive bell was ringing, but he did not hear it.

*Osgood & Osgood (Anson C. Osgood* orally), for the plaintiff.

*Branch & Branch (Frederick W. Branch* orally), for the defendants.

PLUMMER, J.   In an action for negligence at common law, the burden is upon the plaintiff to prove that he was in the exercise of due care at the time of the accident.   Under section 2, chapter 163, Laws of 1911, the burden of proof is not placed upon the plaintiff; but if the preponderance of the evidence shows want of due care on his part, he cannot recover.   So whether the plaintiff's action comes within the scope of the statute or under the common

law, if it appears by the weight or the preponderance of the evidence that his negligence contributed to cause the accident, he cannot prevail. The plaintiff was a healthy man in the full possession of all his faculties. "There is nothing to relieve the plaintiff from the fundamental rule in the law of negligence that freedom from fault contributing to the injury on the part of the person injured is essential to a recovery for the injury." *Chabott* v. *Railway*, 77 N. H. 133, 135.

The plaintiff saw the Portsmouth train coming into the station on track 3, about 200 feet south of the place of the accident, when he was in the middle of the Lawrence platform, twenty-seven feet east of track 3. From that time until he stepped onto track 3 and the train was upon him, he paid no attention to it whatever; he neither saw nor heard it, although the bell was ringing. The direction that he went in walking toward track 3 caused him to face the incoming train to some extent. By looking, he could have seen the train and followed its course as it approached him, without turning his head. The plaintiff states that he gave the train no attention because he thought he had ample time to cross the track ahead of the train; that many times before, when he had been in the middle of the Lawrence platform, he had seen this train coming in at the same place and had crossed the track ahead of it; that he relied on the usual speed of the train, and it usually came in at six or seven miles an hour, but he did not know at what rate of speed it was coming in on the day of the accident, although he states it must have been much faster.

The plaintiff's reason for his inattention to his own safety did not warrant him to approach and attempt to cross track 3, upon which he knew a train was coming at an unknown speed within a short distance, without looking to see where the train was. If he had been deaf and blind, he would not have been less informed of his safety when he stepped upon track 3. The plaintiff claims that the train came into the station at a negligent and unreasonable speed. However that may be, it did not relieve him from the exercise of due care. As was said in *Nashua etc. Co.* v. *Railroad*, 62 N. H. 159, 162, in referring to the plaintiff's care: "If he is not bound to anticipate, and in advance provide for, another's negligence, he may not willfully or negligently shut his eyes against its possibility. He is bound to be informed of everything which ordinary care would disclose to him."

"The law deals with the behavior of the parties in the situation

in which it finds them, regardless of how that situation was produced. If the two parties approach the point of collision asleep or inattentive, and neither wakes up or becomes alive to the situation, the concurrent negligence of both prevents a recovery from either." *Cavanaugh* v. *Railroad*, 76 N. H. 68. The plaintiff apparently approached track 3 on the day of the accident utterly oblivious of his surroundings, and stepped upon the track with no thought of the deadly peril that was close upon him. If he had listened or looked, his dangerous situation would have been immediately disclosed to him. "He not only did nothing to protect himself, but was in fact acting without attention to his situation. He was thoughtless and careless when his duty to the railroad as well as to himself required him to be thoughtful and careful." *Gahagan* v. *Railroad*, 70 N. H. 441, 446.

The plaintiff relies upon *Stearns* v. *Railroad*, 75 N. H. 40, to sustain his contention that it could be found that he was in the exercise of due care at the time of the accident. In the above case, Stearns was approaching a crossing driving a pair of horses, one of which was afraid of cars. He saw the train coming when was he fifty-seven feet from the track. He must therefore stop where he was, attempt to turn around, or cross the track ahead of the train. Under the circumstances in which he was placed with a frightened horse, it might be found that Stearns exercised due care in attempting to cross the track ahead of the train. The plaintiff's situation was entirely different from that of Stearns. All he had to think of was himself; he had nothing to control except his own locomotion. When he was within a foot of the track, if he had looked he would have seen the train coming, and could have stopped and saved himself from injury. Stearns had his horses to drive and manage, and the character of one of them made them unsafe and dangerous in the situation in which he was placed. After he made up his mind to cross the track and proceeded to attempt it, he could not stop at any second the same as the plaintiff could. The circumstances under which the accidents in these cases occurred are not alike; and the fact that it was held in the Stearns case that it could be found that the plaintiff's intestate was in the exercise of due care does not determine that it could be so found in the instant case. "The rule in this state is that each case is to be determined in the light of its own circumstances." *Bass* v. *Railway*, 70 N. H. 170, 172.

The evidence shows conclusively that the plaintiff could have

escaped injury by the exercise of ordinary care. Upon this question reasonable men could come to only one conclusion. There was, therefore, nothing for submission to the jury. *McGill* v. *Company,* 70 N. H. 125, 128; *Waldron* v. *Railroad,* 71 N. H. 362, 364. In accordance with the stipulation upon which the case was transferred, it should be entered: Neither party, no further action for the same cause.

*Exception overruled.*

All concurred.